## Board of Appeals of Rockport *vs*. James V. DeCarolis & another.[1]

No. 90-P-1436.

Essex. January 17, 1992. - April 1, 1992.

Present: Kass, Porada, & Laurence, JJ.

*Practice, Civil*, Notice of appeal, Zoning appeal, Declaratory proceeding, Standing. *Administrative Law*, Judicial review. *State Building Code Appeals Board. Zoning*, Board of appeals: jurisdiction. *Jurisdiction*, Judicial review of administrative action, Declaratory relief. *Declaratory Relief*.

A notice of appeal from a decision of a Superior Court judge was sufficient to give fair notice that the entity seeking the appeal was a zoning board of appeals, even though the individual members of the board were not all named. [350-352]

A claim of judicial review under G. L. c. 30A, § 14, that was not brought within thirty days of the final agency decision sought to be reviewed was properly dismissed. [352]

An action for declaratory relief under G. L. c. 231A, § 2, to determine the authority of the State Building Code Appeals Board to order a building inspector to issue a certificate of use and occupancy was appropriate in the circumstances of a particular zoning controversy. [352-354]

Civil action commenced in the Superior Court Department on December 27, 1989.

The case was heard by *John T. Ronan*, J., on a motion to dismiss.

*Brian P. Cassidy*, Town Counsel, for the plaintiff.

*Anthony E. Penski*, Assistant Attorney General, for State Building Code Appeals Board.

Porada, J. The board of appeals of Rockport (board) filed in the Superior Court an amended, four-count complaint against the defendant DeCarolis and the State Building Code

---

[1]State Building Code Appeals Board.

Appeals Board (agency). In counts 1-3 of the complaint, the board sought judicial review under the State Administrative Procedure Act (G. L. c. 30A, § 14) of a decision of the agency ordering the building inspector of Rockport to issue a certificate of use and occupancy to DeCarolis for the construction of a duplex house on Squam Road in Rockport and, in count 4, a declaratory judgment to determine the agency's authority to render this decision. The defendants filed a motion to dismiss the amended complaint. A Superior Court judge dismissed counts 1-3 on the ground that the board had failed to perfect a timely appeal and count 4 on the ground that the board could not contest the agency's decision. We affirm the judgment dismissing counts 1-3 and reverse the judgment dismissing count 4.

The principal issues presented by the board's appeal are: (1) did the notice of appeal fail to comply with the specificity requirements of Mass.R.A.P. 3(c), as amended, 378 Mass. 927 (1979), in designating the appellant as "Loyd M. Starrett et als."[2]; (2) did the expiration of the thirty-day appeal period under G. L. c. 30A, § 14(1), bar a challenge to the agency's authority to issue the decision; and (3) was the board precluded from seeking a declaratory judgment relating to the agency's decision under G. L. c. 231A when the appeal period for judicial review had expired under G. L. 30A, § 14(1). We hold that the notice of appeal was sufficient to meet the specificity requirements of rule 3(c) and that the expiration of the appeal period under G. L. c. 30A, § 14(1), barred any challenge to the agency's decision under the State Administrative Procedure Act but did not bar a determination of the agency's jurisdiction in a proceeding for declaratory relief under G. L. c. 231A.

We summarize the pertinent facts. The building inspector of Rockport issued a building permit to DeCarolis to construct a multistory duplex on Squam Road in Rockport. A resident appealed the building inspector's decision to the board. The board found that the building exceeded two and

[2]Loyd M. Starrett is the chairperson of the board of appeals.

one-half stories, the maximum building height permitted by the Rockport zoning by-law, and ruled that the building permit was void. DeCarolis appealed the board's decision to the Superior Court. While the zoning appeal was pending, DeCarolis requested a temporary occupancy permit from the building inspector, who refused to issue it because of the board's decision and the pending appeal of that decision. DeCarolis appealed the building inspector's decision to the agency. The agency held a hearing on DeCarolis's appeal. The record before us is unclear, but the agency apparently questioned whether it had jurisdiction to rule on DeCarolis's appeal because it appeared to be a review of a zoning decision. As a result, DeCarolis requested a rehearing, which was granted, in order to convince the agency that the appeal was properly before it. Neither the building inspector nor any member of the board attended this second hearing.

DeCarolis represented to the agency that he had complied with all building and zoning requirements at the time of the construction of his building and that he was entitled to a certificate of use and occupancy. The agency found in favor of DeCarolis and ordered the building inspector to issue a certificate of use and occupancy provided that no building code violations were present when the building inspector conducted his final inspection of the premises. The agency's decision was received by the building inspector on November 22, 1989, and the board filed its appeal from that decision in the Superior Court on December 27, 1989.

1. *Notice of appeal.* The agency claims that the only appellant in this case is Loyd M. Starrett, the chairperson of the board, and that, as one member of a public board, he has no standing to appeal. *State Bd. of Retirement* v. *Contributory Retirement Appeal Bd.*, 342 Mass. 58, 59 (1961). See also *Carr* v. *Board of Appeals of Medford*, 334 Mass. 77, 79-80 (1956); *Harvard Square Defense Fund, Inc.* v. *Planning Bd. of Cambridge*, 27 Mass. App. Ct. 491, 496 (1989). The agency bases its argument on the board's notice of appeal. The caption is styled: "Loyd M. Starrett et als." The body of the notice reads as follows:

"Notice is hereby give[n] that Loyd M. Starrett, et als., the above-named Plaintiffs hereby appeals to the Court of Appeals from the Order of Ronan, J., dismissing all counts of the Complaint entered in this action on October 10, 1990.

> LOYD M. STARRETT, et als.
> as they are member[s] of the
> ROCKPORT ZONING BOARD OF APPEALS
> by their attorney
>
> _____
>
> Brian P. Cassidy
> Town Counsel"

Massachusetts R.A.P. 3(c) requires that the notice "specify the party or parties taking the appeal." In *Cummings* v. *City Council of Gloucester*, 28 Mass. App. Ct. 345, 349 (1990), we held that we would apply rule 3(c) consistently with the interpretation given Fed.R.A.P. 3(c) by the Federal courts. Based on *Torres* v. *Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988), we stated that the term "et al." does not meet the specificity requirement of rule 3(c) and that unless an appellant is named in the notice of appeal, he is not a party to the appeal. *Cummings* v. *City Council of Gloucester*, 28 Mass. App. Ct. at 347-349. In *Torres*, the Supreme Court stated that "[t]he specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." *Torres* v. *Oakland Scavenger Co.*, 487 U. S. at 318.

Here, while the caption of the notice of appeal is arguably deficient, it is apparent on the face of the notice that the entity seeking to appeal is the board. The individual members of a public board need not be named as parties to a suit brought on behalf of the board. *School Comm. of Boston* v. *Reilly*, 362 Mass. 334, 339-340 (1972). *Ciszewski* v. *Industrial Acc. Bd.*, 367 Mass. 135, 139-140 (1975). Under these circumstances, we conclude that the notice of appeal was sufficiently precise to comply with rule 3(c). See *Association of Am. Med. Colleges* v. *Cuomo*, 913 F.2d 55, 56 (2d Cir. 1990). Cf. *Mariani-Giron* v. *Acevedo Ruiz*, 877 F.2d 1114,

1115-1116 (1st Cir. 1989); *Cruz* v. *Melendez*, 902 F.2d 232, 235-236 (3d Cir. 1990); *Laidley* v. *McClain*, 914 F.2d 1386, 1388-1390 (10th Cir. 1990); *Pride* v. *Venango River Corp.*, 916 F.2d 1250, 1251-1253 (7th Cir. 1990); *United States* v. *Schneider*, 926 F.2d 777, 778-779 (8th Cir. 1991); *Michigan Carpenters Council Health & Welfare Fund* v. *C.J. Rogers, Inc.*, 933 F.2d 376, 379-380 (6th Cir. 1991); *Resolution Trust Corp.* v. *Sonny's Old Land Corp.*, 937 F.2d 128, 129 (5th Cir. 1991).

2. *Appeal under G. L. c. 30A, § 14.* The board contends that count 1[3] should not have been dismissed because it was based on the agency's lack of subject matter jurisdiction. An agency's authority to act or its jurisdiction over a matter may properly be raised by judicial review of the agency's action. G. L. c. 30A, § 14(7)(*b*). An action under G. L. c. 30A, § 14, must be brought within thirty days after receipt of the final decision of the agency. G. L. c. 30A, § 14(1). Here, it is not disputed that the board failed to appeal within the required thirty days. Since the thirty-day limitation for the filing of judicial review is a jurisdictional requirement, *Flynn* v. *Contributory Retirement Appeal Bd.*, 17 Mass. App. Ct. 668, 669 (1984); *Wolbach* v. *Beckett*, 20 Mass. App. Ct. 302, 308 (1985), the judge properly dismissed count 1.

3. *Declaratory judgment.* The board contends that, even though it did not pursue a timely appeal under G. L. c. 30A, § 14, it may properly seek declaratory relief under G. L. c. 231A, § 2, because it is challenging the agency's lack of jurisdiction over the subject matter. In the absence of special circumstances, however, declaratory relief cannot be used to circumvent a period prescribed by statute for obtaining judicial review. *School Comm. of Franklin* v. *Commissioner of Educ.*, 395 Mass. 800, 807-808 (1985). *New England Milk Dealers Assn.* v. *Department of Food & Agric.*, 22 Mass. App. Ct. 705, 709 (1986). *Rosenfeld* v. *Board of Health of Chilmark*, 27 Mass. App. Ct. 621, 624 (1989). Nonetheless,

---

[3]The board does not appeal from the dismissal of counts 2 and 3. These claims for judicial review under G. L. c. 30A, § 14, were properly dismissed on the ground that the board failed to file a timely appeal.

"[r]eview of an agency's legal or constitutional power to act is not governed exclusively by the limited appeal processes that a statute might provide for review of substantive agency decisions." *Liability Investigative Fund Effort, Inc.* v. *Medical Malpractice Joint Underwriting Assn.*, 409 Mass. 734, 743 (1991). This is so even though the prescribed statutory appeal period has expired. See *Samel* v. *Pittsfield Lic. Bd.*, 377 Mass. 908 (1978).

In this case, special circumstances of public import exist to warrant declaratory review. Two distinct public bodies claiming a direct interest in the subject matter have issued conflicting orders to the town's building inspector. On the one hand, the agency has directed the building inspector to inspect the premises and to issue a certificate of use and occupancy if no building code violations exist. On the other hand, the board has declared DeCarolis's building permit void and directed the building inspector to order the removal or reduction of the third story of the building. The respective authority of each body to act in this manner poses a question of public concern which should be addressed by declaratory review, even though the standard period for judicial review of the agency's action has expired.

An action for declaratory relief is appropriate, for it will remove the uncertainty as to the rights, duties, and obligations of the parties and avoid future litigation.[4] *School Comm. of Cambridge* v. *Superintendent of Schs. of Cambridge*, 320 Mass. 516, 518 (1946). *Bello* v. *South Shore Hosp.*, 384 Mass. 770, 778 (1981). It is also clear that the board has standing to seek a declaratory judgment. "A party has standing when it can allege an injury within the area of concern of the statute or regulatory scheme under which the injurious action has occurred." *Massachusetts Assoc. of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 293 (1977). *United Oil Paintings, Inc.* v. *Commonwealth*, 30 Mass. App. Ct. 958, 959 (1991). Here,

---

[4]The parties have not raised the issue of the building inspector's absence as a party. On remand to the Superior Court, the board should join the building inspector as a party in this action. See G. L. c. 231A, § 8.

the board has been injured because the agency's decision ordering the building inspector to issue a certificate of use and occupancy vitiates the board's decision, which declares the underlying building permit void based on the zoning by-law of Rockport. The agency does not concern itself ordinarily with zoning controversies. Its jurisdiction is limited to issues involving the administration and enforcement of the State building code. G. L. c. 143, § 100. The board is a proper party to contest the agency's decision.

For the reasons stated, the judgment dismissing counts 1-3 is affirmed and the judgment dismissing count 4 is reversed.

*So ordered.*