LEONARD R. FRIEDMAN *vs.* BOARD OF REGISTRATION IN MEDICINE.

Suffolk. December 10, 1992 - March 31, 1993.

Present: LIACOS, C.J., ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Administrative Law*, Judicial review. *Board of Registration in Medicine.*

A proceeding pursuant to G. L. c. 112, § 64, to obtain judicial review of a decision of the Board of Registration in Medicine was barred by the plaintiff's failure to meet the thirty-day time limit imposed by G. L. c. 30A, § 14(1). [664-666]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 24, 1992.

The case was heard by *Nolan*, J.

*Leonard R. Friedman*, pro se.

*Amy Spector*, Assistant Attorney General, for the Board of Registration in Medicine.

LYNCH, J. The plaintiff, Leonard R. Friedman, appeals from an order of a single justice of this court, denying a petition for review of decisions of the Board of Registration in Medicine (board). We affirm the single justice's order.

1. *Prior proceedings.* On June 24, 1987, the board revoked the plaintiff's registration to practice medicine for gross misconduct in the practice of medicine in violation of G. L. c. 112, §§ 5 (*c*), 5 (*h*), and 61, and 243 Code Mass. Regs. § 1.03(5)(a)(3). *Friedman* v. *Board of Registration in Medicine*, 408 Mass. 474, 479 (1990). On January 13, 1991, he petitioned the board for reinstatement. On April 12, 1991, he moved to strike certain reasons given by complaint counsel in favor of denying reinstatement because they were not the grounds on which the original revocation occurred. Addi-

tionally, he filed a public records request seeking information he now claims to be newly discovered evidence.

In July, 1991, the plaintiff requested a single justice of this court, pursuant to G. L. c. 211, § 3 (1990 ed.), to order the board not to consider the complaint counsel's allegedly new reasons for denying Friedman's petition for reinstatement. After argument, the single justice denied the requested relief on August 13, 1991. According to the board, in December, 1991, it restored the plaintiff's registration subject to specific probationary requirements. On January 8, 1992, the plaintiff moved for relief from the June 24, 1987, decision pursuant to Mass. R. Civ. P. 60 (b) (6), 365 Mass. 828 (1974), based on the information he had obtained as part of his public records request. The board denied that motion on February 26, 1992. The plaintiff moved for reconsideration which was denied by the board on March 25, 1992. It appears that the plaintiff appealed from this denial to the Superior Court in April, 1992, pursuant to G. L. c. 30A, § 14 (1990 ed.). A Superior Court judge granted the board's motion to dismiss for lack of subject matter jurisdiction on June 8, 1992.

The plaintiff then filed for relief before the single justice on June 24, 1992, seeking review of the board's February and March, 1992, decisions, as well as the original revocation of his license in 1987. The single justice of this court issued an order denying the petition, without a hearing, triggering the present appeal.

2. *Authorization to review the board's revocation.* "[A] person whose certificate, registration, license or authority has been suspended, revoked or cancelled," may obtain review by the Supreme Judicial Court of the board's decision in accordance with the standards provided in G. L. c. 30A, § 14. G. L. c. 112, § 64 (1990 ed.). Such a petition, however, must be filed within thirty days from the time the party receives notice of the final decision of the agency. See G. L. c. 30A, § 14 (1).[1] The plaintiff is seeking review of the board's final

---

[1] An action for judicial review must be commenced within thirty days "after receipt of notice of the final decision of the agency or if a petition

decisions, the latest of which, denial of reconsideration, occurred on March 25, 1992. The petition for relief pursuant to G. L. c. 112, § 64, filed in the county court on June 24, 1992, was therefore time barred for failure to meet the thirty-day limit of G. L. c. 30A, § 14. The plaintiff's argument, that his appeal is not time barred because Mass. R. Civ. P. 60 (b) (6) vitiates any statutory limit of a filing time, is without merit. A motion for relief from judgment brought pursuant to Mass. R. Civ. P. 60 does not toll the time limit for taking appeals in civil actions. *Karen Constr. Co.* v. *Lizotte,* 396 Mass. 143, 145 (1985). Furthermore, here there is a statutory appeal period which cannot be overridden by a contrary rule of court when the manner and time for effective filing of an appeal are delineated in the statute. *Harper* v. *Division of Water Pollution Control,* 412 Mass. 464, 465 (1992). Failure to file for judicial review of an administrative decision within the time specified in the statute results in the dismissal of the appeal. See *Clemons* v. *Director of the Div. of Employment Sec.,* 395 Mass. 174, 176 (1985); *Schulte* v. *Director of the Div. of Employment Sec.,* 369 Mass. 74, 79 (1975). Filing the petition incorrectly in the Superior Court, instead of the Supreme Judicial Court, will not toll the thirty-day time limit. See *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth,* 368 Mass. 745, 747 (1975) (adherence to time limitation in statute is prerequisite to effective application for appeal); *Greeley* v. *Zoning Bd. of Appeals of Framingham,* 350 Mass. 549, 552 (1966) (filing appeal with someone other than official designated in statute ineffective filing); *O'Day* v. *School Comm. of W. Brookfield,* 343 Mass. 122, 125 (1961) (petitioner must "bring" petition

---

for rehearing has been timely filed with the agency, within thirty days after receipt of notice of agency denial of such petition for rehearing. Upon application made within the thirty-day period or any extension thereof, the court may for good cause shown extend the time." G. L. c. 30A, § 14 (1) (1990 ed.). General Laws c. 112, § 64 (1990 ed.), does not refer specifically to § 14 (1) of c. 30A. The plaintiff, however, does not argue that § 14 (1) does not apply to filings in the Supreme Judicial Court and we can conceive of no reason why it should not.

within meaning of statute). Filing in the Supreme Judicial Court within thirty days for judicial review is a jurisdictional requirement and not susceptible to extension except in limited circumstances as provided in the statute. See G. L. c. 30A, § 14 (1); *Harper* v. *Division of Water Pollution Control, supra* at 467; *Board of Appeals of Rockport* v. *De-Carolis*, 32 Mass. App. Ct. 348, 352 (1992). While the plaintiff, a law school graduate, is proceeding pro se, he is still bound to the same rules and requirements as one represented by counsel. *Mmoe* v. *Commonwealth*, 393 Mass. 617, 620 (1985). Since the single justice's denial of the petition is sustainable on the above ground, we need not consider the other issues raised.

*Order affirmed.*