EASTERN ENERGY CORPORATION *vs.* ENERGY FACILITIES
SITING BOARD & another[1] (and two companion cases[2]).

Suffolk. November 8, 1994. - December 13, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Energy Facilities Siting Board. Administrative Law,* Judicial review.
*Practice, Civil,* Appeal, Dismissal of appeal.

Where a party in interest to a decision of the Energy Facilities Siting
   Board, aggrieved by the decision, did not either file a timely petition for
   appeal under G. L. c. 25, § 5, or request an extension of time within
   which so to file, its late filed petition was properly dismissed; the
   board's grant to other parties of additional time for an appeal did not
   extend the appeal period for all parties [153-154]; further, the provi-
   sions of Mass. R.A.P. 4 (a) do not operate to override a statutory provi-
   sion governing the time of appeals [154-155].

PETITIONS filed in the Supreme Judicial Court for the
county of Suffolk on January 21, 1994, January 26, 1994,
and January 28, 1994, respectively.

After the cases were consolidated, a motion to dismiss the
petition of Eastern Energy Corporation was heard by *Lynch,*
J.

*Frederick D. Augenstern,* Assistant Attorney General, for
the intervener.

*John A. DeTore* for the plaintiff.

---

[1]Attorney General, intervener.

[2]Attorney General *vs.* Energy Facilities Siting Board and Greater New
Bedford NO-COALition *vs.* Energy Facilities Siting Board were
consolidated with the present action. The issues raised in the
aforementioned actions are currently under review by this court in
*Attorney General vs. Energy Facilities Siting Board, post* 1003 (1995).

*Philip Y. Brown* (*David Geffen* with him) for Greater New Bedford NO-COALition.

*E. Michael Sloman*, Special Assistant Attorney General (*Michael B. Meyer*, Special Assistant Attorney General, with him) for Energy Facilities Siting Board.

NOLAN, J. This is an appeal from an order of a single justice dismissing Eastern Energy Corporation's (Eastern's) petition under G. L. c. 25, § 5 (1992 ed.), and G. L. c. 164, § 69P (1992 ed.), on the basis that it had not been timely filed.[3] We affirm the single justice's order.

On October 27, 1993, the Energy Facilities Siting Board[4] (board) issued a final decision conditionally approving Eastern's petition to construct a coal-fired cogeneration power facility in New Bedford. On the issuance of its final decision, the board notified the parties of their rights to appeal under G. L. c. 25, § 5, which provides that a petition for appeal must be filed within twenty days of service of the decision or "within such further time as the [board] may allow upon request."

Prior to the expiration of the twenty-day time limit, the Attorney General, the city of New Bedford, and the Greater New Bedford NO-COALition (NO-COAL) each requested an extension of time within which to file a notice of appeal. Although Eastern was aggrieved by a portion of the board's

---

[3]According to G. L. c. 164, § 69P (1992 ed.), "Any party in interest aggrieved by a decision of the board shall have a right to judicial review in the manner provided by section five of chapter twenty-five."

General Laws c. 25, § 5 (1992 ed.), provides: "[A] petition for appeal shall be filed with the secretary of the commission within twenty days after the date of service of the decision . . . or within such further time as the commission may allow upon request filed prior to the expiration of the twenty days after the date of service of said decision . . . . Within ten days after such petition has been filed, the appealing party shall enter the appeal in the supreme judicial court sitting in Suffolk county by filing a copy thereof with the clerk of said court . . . ."

[4]The Energy Facilities Siting Board, previously known as the Energy Facilities Siting Council, was reorganized, renamed and merged into the Department of Public Utilities pursuant to St. 1992, c. 141, effective September 1, 1992.

decision,[5] Eastern neither requested an extension, nor filed a notice of appeal within twenty days of the board's final decision. Questioning whether the decision was "final" for purposes of appeal, the Attorney General, joined by NO-COAL and New Bedford, also moved for clarification of the board's decision. Eastern opposed the motions, arguing that the finality of the board's decision was evidenced by the presence of a "notice of appeal rights page" accompanying the decision. On December 14, 1993, the board denied the motions for clarification, and pursuant to its authority under G. L. c. 25, § 5, the board granted "the Attorney General, [New Bedford], and NO-COAL an extension until January 18, 1994 to file a notice of appeal."

On January 18, 1994, the Attorney General, NO-COAL, and Eastern filed notices of appeal with the board. All three appeals were entered in the county court, and on March 2, 1994, the board moved to dismiss Eastern's petition. A single justice of this court granted the motion and dismissed Eastern's petition on the ground that it had not been timely filed. Eastern appeals from this order to the full court.

*Timeliness of appeal.* Eastern contends that by granting an extension of the allowable time period for an appeal to one party, the board effectively extended the statutory appeal period for *all* parties. We disagree.

Under G. L. c. 164, § 69P, a party in interest aggrieved by a decision of the board has the right to judicial review in the manner provided by G. L. c. 25, § 5. General Laws c. 25, § 5, provides that "[a] petition for appeal shall be filed with the secretary of the commission within twenty days after the date of service of the decision . . . or within such

---

[5]The board conditioned its final approval of the proposed facility on the requirement that Eastern submit: (1) signed and approved purchase power agreements for at least 75% of the proposed project's capacity; and (2) signed purchase power agreements which include capacity payments with Massachusetts customers for at least 25% of the proposed project's electric output. Eastern claims error in the condition requiring that at least 25% of the project's output be sold to Massachusetts utilities.

further time as the commission may allow upon request filed prior to the expiration of the twenty days."

The final decision of the board was issued on October 27, 1993. Eastern did not file a notice of appeal until January 18, 1994, more than two months after the time for an appeal had expired. Unlike the Attorney General and NO-COAL, Eastern neither requested nor received an extension of time for filing an appeal. Furthermore, the board's grant of additional time for an appeal was specifically limited to the parties which had requested the extension. Contrary to its argument, this extension did not apply to Eastern.

Eastern cites *Plymouth County Nuclear Info. Comm., Inc. v. Energy Facilities Siting Council*, 374 Mass. 236, 242-245 (1978), as authority for its assertion that the board "evince[d] an intent to defer the finality of its decision" by hearing postdecision motions. In *Plymouth County*, we held that an appeal filed within twenty days of the board's denial of a petition for rehearing was timely. *Id.* We stated that "[i]f the [board] treats a decision as subject to change on a timely petition for rehearing, that decision is not final for the purposes of review under G. L. c. 25, § 5 until the [board] has denied" the petition. *Id.* at 245. Unlike a petition for rehearing, the motions for clarification did not affect the finality of the board's decision. Furthermore, Eastern clearly understood the board's decision of October 27 to be final, as was evidenced by its argument in opposition to the motions for clarification.

Eastern also attempts to invoke Mass. R. A. P. 4 (a), as amended, 395 Mass. 1110 (1985), in order to support its argument that a timely notice of appeal by one party extends the allowable time period for all parties.[6] Eastern's reliance on this rule, however, is misplaced. To apply rule 4 (a) to this situation would contradict the provisions of G. L. c. 25,

---

[6]"If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within fourteen days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires." Mass. R. A. P. 4(a), as amended, 395 Mass. 1110 (1985).

§ 5, which specifically govern the timing of appeals. "[A] statutory appeal period . . . cannot be overridden by a contrary rule of court when the manner and time for effective filing of an appeal are delineated in the statute." *Friedman* v. *Board of Registration in Medicine,* 414 Mass. 663, 665 (1993). See *Attorney Gen.* v. *Department of Pub. Utils.,* 390 Mass. 208, 212-213 (1983) (rejecting argument that Mass. R. Civ. P. 6 [d], 365 Mass. 747 [1974], operates to extend appealable time period under G. L. c. 25, § 5).

We conclude that the single justice properly dismissed Eastern's appeal as untimely. "Failure to file for judicial review of an administrative decision within the time specified in the statute results in the dismissal of the appeal." *Friedman* v. *Board of Registration in Medicine, supra.* Although not every procedural misstep requires dismissal, the late filing of Eastern's notice of appeal with the board is the type of error that calls for dismissal. See *Massachusetts Oilheat Council* v. *Department of Pub. Utils.,* 418 Mass. 798, 801 (1994); *Attorney Gen.* v. *Department of Pub. Utils., supra* at 213; *Schulte* v. *Director of the Div. of Employment Sec.,* 369 Mass. 74, 79 (1975).

*Order affirmed.*