Burnes, J.
Plaintiff, John J. Condon (Condon), brings this action pursuant to G.L.c. 30A, §14 appealing the decision of the defendants, Registrar of Motor Vehicles (Registrar) and the Board of Appeal on Motor Vehicle Liability Policies and Bonds (Board). The Registrar revoked the license of Condon for two years from the date of revocation, effective May 25, 1995, for operating a motor vehicle while under the influence of liquor. Plaintiff contends that the proper date of revocation should be effective December 1, 1995 and that the Registrar, as well as the Board in its affirmance of the Registrar’s decision, made an error of law. See G.L.c. 30A, § 14(g).
BACKGROUND
On November 11, 1995, police arrested the appellant for operating a motor vehicle while under the influence of liquor. The appellant refused to submit to a breathalyser test after being arrested. On December 1, 1995, appellant was convicted of operating while under the influence of liquor. The appellant had a prior conviction of driving while under the influence of liquor on May 26, 1988. The Registrar, upon receipt of the last court abstract, revoked the appellant’s license for two years pursuant to G.L.c. 90, §24. However, the Registrar used an effective date of May 25, 1996 instead of the date of conviction, December 1, 1995. The Registrar used the later date in order to first give effect to the 180-day suspension warranted by the appellant’s refusal to submit to a breathalyser test. See G.L.c. 90, §24(l)(f)(l). The 180-day suspension for failing to submit to a breathalyser began on November 26,1995, 15 days after the appellant refused to submit to the test, and ended on May 25, 1996.
DISCUSSION
Condon claims that the Registrar made an error of law in starting the two-year revocation period on May 25, 1996. The statute, he claims, requires that the beginning date of the revocation be the date of conviction, December 1, 1995. Condon contests the Registrar’s claim that the Registrar has the power to postpone the beginning of the revocation period in order to give effect to the 180-day suspension. Condon claims that the Registrar and Board are making errors of law.
The parly appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). The court may set aside a decision only on the grounds set forth in G.L.c. 30A, §14. Howard Johnson Co. v. Alcoholic Beverages Control Commission, 24 Mass.App.Ct. 487, 490, rev. den., 400 Mass. 1106 (1987). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988); Quincy City Hosp. v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982); Board of Appeals of Rockport v. DeCarolis, 32 Mass.App.Ct. 348, 353 (1992).
Upon the refusal to submit to a breathalyser test, a driver’s license may be suspended for a hundred and eighty days if the driver had been previously convicted of a violation under the section within ten years of the date of the charge in question. G.L.c. 90, §24(l)(f)(l). When a driver refuses to take a breathalyser test, the police officer present must take immediate custody of the driver’s license, provide the person a written notice of intent to suspend the license, and issue a temporary driving permit. G.L.c. 90, §24 (l)(f)(l). Suspension begins 15 days after the driver has received notice of intent to suspend the license. Id. The applicable section states that:
[t]he license suspension shall become effective fifteen days after the offender has received the notice of intent to suspend from the police officer. No license shall be restored under any circumstances . . . provided, however, that the defendant may immediately, upon the entry of a not guilty finding or dismissal of all charges under this section, Section twenty-four G or twenty-four L, and in the absence of any other alcohol related charges pending against said defendant, apply for and be immediately granted a hearing before the court which took final action on the charges for the purpose of requesting the restoration of said license.
G.L.c. 90, §24(l)(f)(l) (emphasis added).
In addition to suffering a suspension for refusing to submit to a breathalyser, the Registrar was required to revoke Condon’s license for two years for operating a motor vehicle while under the influence of alcohol. The applicable subsection reads:
A conviction of a violation of subparagraph (1) of paragraph (a) shall revoke the license or right to operate of the person so convicted unless such person has not been convicted of or assigned to an *607 alcohol or controlled substance education, treatment or rehabilitation program because of a like offense by a court of the commonwealth or other jurisdiction within a period of ten years preceding the date of the convicted, and said person qualifies for disposition under Section twenty-four D and has consented to probation as provided for in said Section twenty-four D; provided, however, that no appeal, motion for new trial or exceptions shall operate to stay the revocation of the license or the right to operate. Such revoked license shall immediately be surrendered to the prosecuting officer who shall forward the same to the registrar. The court shall report immediately any revocation, under this section, of a license or right to operate to the registrar and to the police department of the municipality in which the defendant is domiciled. Notwithstanding the provisions of Section twenty-two, the revocation, reinstatement or issuance of a license or right to operate by reason of a violation of paragraph (a) shall be controlled by the provisions of this section and Sections twenty-four D and twenty-four E.
G.L.c. 90, §24(l)(b). Since the plaintiff had been previously convicted of driving under the influence, he did not fall within the exception and his license was to be revoked immediately. In a separate provision concerning the restoring of the license, the statute reads:
[wjhere the license or the right to operate of a person has been revoked under paragraph (b) and such person has been previously convicted of or assigned to an alcohol or controlled substance education, treatment or rehabilitation program by a court of the commonwealth or any other jurisdiction because of a like violation within a period of ten years . . . the registrar shall not restore the license or reinstate the right to operate of such person unless the prosecution of such person has been terminated in favor of the defendant, until two years after the date of the conviction;. . .
G.L.c. 90, §24(l)(c)(2) (emphasis added). Plaintiff Con-don reads the section as requiring the suspension and revocation to begin and end without regard to any overlap. The Registrar reads G.L.c. 90, §24(l)(f)(l) to allow for suspending the beginning date of the two-year revocation until the 180-day suspension period ended.
The section does not appear to address the issue of whether license revocations and suspensions may run concurrently. Nor does the section explicitly give the registrar the power to suspend the beginning of revocation and suspension periods so that each can be given full effect. The Court notes that the Registrar has promulgated regulations that allow the Registrar to not credit certain periods of time towards a revocation or suspension period. For example, 540 C.M.R. 2.33(2) reads:
Although any suspension or revocation action shall be effective as of the date specified in the notice from the Registrar, no time shall be actually credited towards reducing the duration of the adverse action until the licensee surrenders the license or otherwise complies with 540 CMR 2.33(1).
The Registrar, in other words, reads the statutes to give him the discretion to credit or not credit time towards revocation or suspension.
In the present instance, the better interpretation of the statute is that the statute allows the registrar to use a starting date for a license revocation that will first allow the Registrar to give effect to the 180-day suspension. First, the language of the statute addressing the revocation of the license for a second conviction is prohibitory and prevents the registrar from restoring the license for at least two years. G.L.c. 90, §24(1) (c)(2). The statute does not state that the registrar must restore a driver’s license two years from the date of conviction. The section seems most concerned about forcing the registrar to revoke licenses for minimum periods of time, and less about the restoration of license privileges within certain time periods.
The Registrar’s reading of the statute appears to better reflect the legislature’s intention to have drivers submit to a breathalyser test. Suspension of a person’s license for refusing to take a breathalyser provides strong inducement to take the breath test and thus effectuates the Commonwealth’s interest in obtaining reliable and relevant evidence for use in subsequent criminal proceedings. Mackey v. Montrym, 443 U.S. 1, 18 (1979). Allowing a suspension to run concurrently with a revocation provides less incentive to drivers to submit to a breathalyser test. The intoxicated driver who refuses to submit to a test, but is soon thereafter convicted of driving under the influence, Will not have suffered much of an additional burden. With the case at hand, for example, Condon proposes that the revocation and suspension run concurrently. Under such a reading, the revocation of Condon’s license for refusing to take a breathalyser would begin on the date of conviction, December 1, 1996. The suspension period would only be adding the additional burden of suspension for four days, from November 26, 1995 to December 1,1995. The legislature’s intent would be thwarted were the Registrar to allow the suspension and revocation to run concurrently. The Court finds that, at the very least, the Registrar’s reading of the statute is not clearly erroneous and will uphold the Registrar’s and Board’s decision.
ORDER
For the foregoing reasons, the Defendants’ decision is AFFIRMED.