*Joseph Keane*, pro se.

MADHUGIRI B. RAMASESHU *vs.* BOARD OF REGISTRATION IN MEDICINE. March 8, 2004. *Board of Registration in Medicine. Administrative Law,* Judicial review.

Madhugiri B. Ramaseshu, a physician, filed a document in the county court requesting the court to "investigate the circumstances leading to" the suspension of his license to practice medicine. A single justice treated the filing as a petition, pursuant to G. L. c. 112, § 64, for judicial review of the Board of Registration in Medicine's (board's) final decision and order of suspension, and denied it. Ramaseshu has appealed.[1]

The board issued its final decision and order on December 13, 1995. That decision indefinitely suspended Ramaseshu's license to practice medicine, but indicated that the board would consider staying the suspension if certain evidence were presented to it and various requirements were fulfilled. It also notified Ramaseshu of his appellate rights pursuant to G. L. c. 30A, §§ 14 and 15, and G. L. c. 112, § 64.

Ramaseshu waited more than seven years before seeking judicial review of the board's 1995 decision.[2] While he could have obtained review of the board's decision at one time, that time has long since elapsed. Pursuant to G. L. c. 112, § 64, and G. L. c. 30A, § 14, "[s]uch a petition [for judicial review] . . . must be filed within thirty days from the time the party receives notice of the final decision of the agency." *Friedman* v. *Board of Registration*

[1]Ramaseshu appeals from the single justice's order for entry of judgment, although technically no final judgment has entered. We shall treat the appeal as if judgment had entered. See *Swampscott Educ. Ass'n* v. *Swampscott*, 391 Mass. 864, 865-866 (1984); *Morgan* v. *Evans*, 39 Mass. App. Ct. 465, 467 n.4 (1995).

[2]Attached to Ramaseshu's petition are various documents suggesting that he made some effort to persuade the board to lift the suspension of his license between 1995 and 2002. Nothing in the record suggests, however, that any order or decision, final or otherwise, was rendered by the board within the thirty days prior to the filing of his petition in the county court and, therefore, judicial review is precluded for the reasons set forth herein. The board also represents that it "has issued no decisions in this matter since the December 13, 1995 decision from which Ramaseshu now appeals."

*in Medicine,* 414 Mass. 663, 664 & n.1 (1993). "Filing in the Supreme Judicial Court within thirty days for judicial review is a jurisdictional requirement and not susceptible to extension except in limited circumstances as provided in the statute." *Id.* at 666.

Because the matter can be resolved on this ground, we do not consider the other issues raised.[3] We remand this case to the county court for the entry of a judgment dismissing the case.

*So ordered.*

*Madhugiri B. Ramaseshu,* pro se.

*Steven E. Thomas,* Assistant Attorney General, for the defendant.


[3]The single justice addressed Ramaseshu's claims on their substantive merits, but did not address the threshold procedural question. Because of our conclusion on the threshold question, we do not address the substantive claims, and express no opinion on them. See *White* v. *Commonwealth,* 439 Mass. 1017, 1017 n.1 (2003); *Friedman* v. *Board of Registration in Medicine,* 414 Mass. 663, 665 (1993).