*Joseph F. Krowski* for the plaintiff.


DAVID MAITLAND *vs.* BOARD OF REGISTRATION IN MEDICINE. January 23, 2007. *Board of Registration in Medicine. Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Complaint. *Administrative Law,* Judicial review. *Jurisdiction,* Judicial review of administrative action.

David Maitland, a physician whose medical license was suspended by the Board of Registration in Medicine (board), appeals from a decision of a single justice of this court denying his motion for leave to file a complaint for judicial review of the suspension late and ordering that the case be dismissed.

We conclude that the single justice neither abused his discretion nor otherwise erred.

The board issued its final decision and order suspending Maitland's license on June 1, 2005. Although the board informed Maitland of his appellate rights under G. L. c. 30A, §§ 14 and 15, and G. L. c. 112, § 64, Maitland failed to file his complaint for judicial review within thirty days, as required by G. L. c. 30A, § 14 (1). See *Friedman* v. *Board of Registration in Med.*, 414 Mass. 663, 664-665 & n.1 (1993). Although Maitland acknowledges that the statutory deadline is "jurisdictional" and "not susceptible to extension except in limited circumstances as provided in the statute [not applicable here]," *Friedman* v. *Board of Registration in Med.*, *supra* at 666; accord *Ramaseshu* v. *Board of Registration in Med.*, 441 Mass. 1006, 1006-1007 (2004), he nonetheless seeks an extension to file his complaint. He argues that the single justice had the authority to extend the deadline pursuant to Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979), and that the single justice should have done so because the delay in filing the complaint was attributable not to Maitland but to Maitland's counsel, and because Maitland's underlying claims of error by the board were meritorious. Contrary to Maitland's suggestion, rule 14 (b) does not allow a judge to alter the requirements of G. L. c. 30A, § 14 (1). See *Friedman* v. *Board of Registration in Med.*, *supra* at 665 (statutory appeal period "cannot be overridden by a contrary rule of court"). Moreover, Maitland's other reasons for seeking to justify an extension do not fall within the "limited circumstances as provided in the statute." *Id.* at 666. See G. L. c. 30A, § 14 (1) (extension possible where requested before thirty-day deadline or where timely petition for rehearing sought).[1] The single justice neither abused his discretion nor otherwise erred in denying Maitland's motion for leave to file his complaint late.

*Judgment affirmed.*

The case was submitted on briefs.

*Kenneth I. Seiger* for the plaintiff.

*Amy Spector*, Assistant Attorney General, for the defendant.


---

[1]For the first time on appeal, Maitland seeks to bolster his claims, citing *Commonwealth* v. *Gross*, 64 Mass. App. Ct. 829 (2005); *Covell* v. *Department of Social Servs.*, 42 Mass. App. Ct. 427 (1997); and *Board of Appeals of Rockport* v. *DeCarolis*, 32 Mass. App. Ct. 348 (1992). His attempt is, however, unavailing. First, the Appeals Court's *Gross* decision has been superseded on further appellate review by a decision of this court, and that decision does not support Maitland's cause. *Commonwealth* v. *Gross*, 447 Mass. 691 (2006). Second, the portion of the *Covell* decision that Maitland seeks to rely on is dictum, and in any event, the facts underlying that dictum are starkly different from the facts here. *Covell* v. *Department of Social Servs.*, *supra* at 427-432. Third, the *DeCarolis* case does not support Maitland's position: there, the claims for judicial review were determined to be time-barred under G. L. c. 30A, § 14, just as Maitland's claim for such review was barred here. *Board of Appeals of Rockport* v. *DeCarolis*, *supra* at 352. Although one claim for declaratory relief survived in *DeCarolis*, see *id.* at 352-354, no such claim is involved here.