Roger G. Hamel vs. Board of Registration of Funeral Directors and Embalmers. May 25, 2007. *Board of Registration in Embalming and Funeral Directing. Administrative Law*, Judicial review. *Jurisdiction*, Judicial review of administrative action. *Supreme Judicial Court*, Appeal from order of single justice.

Roger G. Hamel, a funeral director whose license was suspended by the Board of Registration of Funeral Directors and Embalmers (board), appeals from an order entered by a single justice of this court denying his petition to transfer to this court an action he had filed in the Superior Court for judicial review of the board's decision. We affirm.

On October 25, 2005, the board ordered that Hamel's license be suspended for two years. In its order, the board informed Hamel that he could appeal from its decision by filing a petition for judicial review within thirty days, pursuant to G. L. c. 112, § 64. That statute authorizes appeals from license

suspensions such as Hamel's *to this court.* On November 22, 2005, Hamel filed a petition for judicial review in the Superior Court instead of in this court. The board eventually moved to dismiss the action, claiming the Superior Court lacked subject matter jurisdiction. Before the motion was ruled on, Hamel, on August 10, 2006, filed a petition in the county court requesting that the single justice transfer the matter from the Superior Court to this court, pursuant to G. L. c. 211, § 4A. The single justice denied the petition.

Reviewing the single justice's decision for error, we find none. As the board correctly informed Hamel at the time it issued its decision, he could have sought review of the decision by filing a petition for judicial review pursuant to G. L. c. 112, § 64, i.e., in this court, within thirty days.[1] See *Friedman* v. *Board of Registration in Med.,* 414 Mass. 663, 664-666 & n.1 (1993). See also A. Cella, Administrative Law and Practice § 875, at 267-268 n.4 (1986). Filing a timely action in this court "is a jurisdictional requirement and not susceptible to extension except in limited circumstances" not applicable here. See *Friedman* v. *Board of Registration in Med., supra* at 666. That Hamel filed his petition in the Superior Court within thirty days does not aid him. In the *Friedman* case, which was decided more than a decade before the board's decision in this case, we held that "[f]iling the petition incorrectly in the Superior Court, instead of the Supreme Judicial Court, will not toll the thirty-day time limit." *Id.* at 665. Accord *Maitland* v. *Board of Registration in Med.,* 448 Mass. 1006, 1007 (2007). Accordingly, we conclude that the single justice did not err.[2]

*Judgment affirmed.*

*Brian J. Kelly* for the plaintiff.

*Maryanne Martin Reynolds,* Assistant Attorney General, for the defendant.


---

[1] He also could have sought judicial review in the division of the District Court Department where he resided within ten days, but he failed to do so. See G. L. c. 112, § 84A.

[2] We decline to address claims Hamel raises for the first time on appeal.