Lu, John T., J.
INTRODUCTION
The Plaintiff, John Doe #3152 (Doe), filed a notice of appeal from a decision of the Sex Offender Registry Board (Board) about twenty-seven days after the board classified him as a Level II sex offender. He now seeks leave to file his complaint late. Concluding that sex offender registry proceedings are most like civil cases, and therefore, the court lacks the discretion to grant the motion, the court denies the request.
DISCUSSION
A.G.L. 30A, §14(1)
Section §14(1) of G.L. 30A provides that an appeal from an administrative proceeding “shall... be commenced in the court within thirty days after receipt of notice of the final decision of the agency ...” The thirty-day time frame for filing an appeal is a jurisdictional requirement, and a failure to comply with it results in the dismissal of the appeal. Clemons v. Dir. of the Div. of Employment Sec., 395 Mass. 174, 176 (1985). See also Pereira v. Comm’r of Soc. Servs., 432 Mass. 251, 265 n.3 (2000) (public employee could not circumvent the thirty-day statutoiy limitation period for appealing adverse administrative determination concerning her discharge by framing her judicial action as one for declaratory judgment); Friedman v. Bd. of Registration in Med., 414 Mass. 663, 664 (1993) (filing petition for judicial review of administrative procedure in the wrong court does not toll the thirty-day time limit for filing petition); Bd. of Appeals of Rockport v. DeCarolis, 32 Mass.App.Ct. 348, 352 (1992) (failure to comply with thirty-day limitation for seeking judicial review of agency decision necessitates dismissal of appeal); Schulte v. Dir. of the Div. of Employment Security, 369 Mass. 74, 79 (1975) (“Some errors or omissions are seen on their face to be so repugnant to the procedural scheme ... as to call for dismissal of the appeal. A prime example is attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule.”); Flynn v. Contributory Ret. Appeal Bd., 17 Mass.App.Ct. 668, 669 (1984) (“the thirty-day limitation upon the filing of actions seeking review of administrative agency action is jurisdictional in nature and, hence, not susceptible to extension except in the limited fashion provided for in §14(1)”).
B.Enlargements of Time
Section 14(1) of chapter 30A provides a party seeking to extend the time to appeal an agency’s decision two options. The party may timely petition for a rehearing (in which case the §14 appeal must be commenced within thirty days after receipt of notice of agency denial of the petition for rehearing); or the party may obtain leave of the court for good cause shown “[u]pon application made within the thirty-day period or any extension thereof.” G.L.c. 30A, §14(1). In a civil matter counsel error does not constitute “good cause” for purposes of the statute. See Maitland v. Bd. of Registration in Med., 448 Mass. 1006, 1007 (2007) (physician not entitled to an extension of the thirty-day deadline for judicial review despite attorney’s alleged delay).
C.Sex Offender Registry Proceedings Are Civil Proceedings
Under both federal and Massachusetts constitutional doctrine sexual offender registration laws are civil and remedial, and not primarily punitive in their purposes. See Smith v. Doe, 538 U.S. 84, 95-96 (2003); Kansas v. Hendricks, 521 U.S. 346, 361 (1997); Com. v. Bruno, 432 Mass. 489, 500 (2000). A party challenging a facially civil remedial statute (purporting to protect the public safety rather than to punish violators of the public safety) must provide “the clearest proof’ that the legislation is so punitive in either intent or effect that it negates its characterization as “civil.” Dutil, Petitioner, 437 Mass. 9, 20 (2002). Regulatory statutes that cause incidental punitive or deterrent consequences do not lose their civil remedial character if their primary purpose serves the public safety and welfare. Opinion of the Justices, 423 Mass. 1201, 1222-23 (1996); Hill, Petitioner, 422 Mass. 147, 153 (1996), cert. denied, 519 U.S. 867 (1996). The purpose *198 of the sex offender registiy law is facially civil as the registry aims to reduce danger to the community. Opinion of the Justices, 423 Mass. at 1227.
ORDER
The Plaintiff John Doe #3152’s motion for leave to file a complaint for judicial review late, or to extend the time period to file a complaint for judicial review is DENIED.