Coven, J.
Cummings Properties, LLC (“CPL”), a commercial lessor, commenced this summary process action (1) to recover both possession of premises leased to Cepoint Networks, LLC (“Cepoint”) and accelerated rent for the remainder of the lease term due upon Cepoint’s default and (2) to enforce the personal guaranty of Bernard Adama (“Adama”), a principal of Cepoint, of Cepoint’s obligations under the lease. The narrow issue presented by this appeal is whether Adama, a guarantor, was a proper party to this summary process proceeding. We conclude that Adama was not a proper party, and affirm the trial court’s dismissal of the action against him.
The facts are undisputed. CPL entered into a five-year commercial lease with Cepoint that commenced on October 1, 2008. Rent was $30,000.00 per year, payable in monthly instalments of $2,500.00. The lease provided, in the event of a default and the absence of a cure of the default within ten days, for the acceleration of all rent due for the remainder of the lease term as liquidated damages. Adama “unconditionally” guaranteed in writing “the prompt payment of rent by [Cepoint] and the performance by [Cepoint] of all obligations.” Cepoint failed to pay rent for the month of January, 2009 and Adama failed to satisfy Cepoint’s rent obligation. On January 21, 2009, CPL sent Cepoint written notice of its default and of CPL’s intent to seek unpaid rent for the entire 57-month remainder of the lease term as liquidated damages if Cepoint did not cure its January, 2009 default within ten days. Cepoint did not pay the January rent. On March 23,2009, CPL filed this summary process action against both Cepoint and Adama. Each defendant was served with a summons and complaint.
On April 2, 2009, the parties appeared for trial. The action was continued for one week so that Adama could obtain counsel. On April 9, 2009, Adama had still not retained an attorney. Cepoint was defaulted; and, on the court’s own motion, Adama was dismissed from the case on the ground that, as a guarantor, he was not a proper party to a summary process action. Judgment was entered for CPL against Cepoint in the amount of $132,179.77. CPL filed this appeal.
*307 General Laws c. 239, §1 permits a lessor to maintain a summary process action against a lessee “or a person holding under” the lessee. The statute, although not actually defining the class of “persons” against whom a summary process action may be maintained, “seems to extend to ... every species of lessee, assignee or subtenant.” P.E Hall, Massachusetts Law of Landlord and Tenant §272, at 303 (4th ed. 1949). The statutory language is limited, however, to those entitled to possession.
Generally, a guarantor is not entitled to possession.[3] Adama and Cepoint cannot both be legally entitled to possession. If they were, the guaranty would be sur-plusage. Seronick v. Levy; Schonfield, 26 Mass. App. Ct. 367, 371 (1988) (where both parties are jointly liable, the guarantee of payment is surplusage). Further, at common law, enforcement of a contract of guaranty is by means of an action, independent of the primary obligation, for breach of the guaranty. D’Annolfo v. D’Annolfo Constr. Co., 39 Mass. App. Ct. 189, 191 n.3 (1995).
Rule 1 of the Uniform Summary Process Rules provides that procedures “not prescribed” by those rules “shall” be governed by the Massachusetts Rules of Civil Procedure provided that the civil procedure rules are not inconsistent, inter alia, “with applicable statutory law.” Rule 20(a) of the Mass. R. Civ. P. permits the joinder of defendants in a civil action if there is asserted against them
any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.
CPL argues that the joinder of Adama in this summary process action was proper because the claims against Cepoint and Adama arise out of the same lease transaction, and require the resolution of the related questions of the breach by each of his respective contract. Certainly, Cepoints and Adama’s individual liabilities arise from the same transaction. But Rule 20(a) considerations are inapplicable if they are inconsistent with “applicable statutory law.” Because Adama is not a proper party to a summary process action under G.L.c. 239, §1, the permissive joinder of Adama as a party in this action would be improper.[4] See Eastern Energy Corp. v. Energy Facilities Siting Bd., 419 Mass. 151, 154-155 (1994) (request to apply Mass. R. A. R, Rule 4 [a] to salvage untimely appeal rejected where rule “would contradict specific provisions of G.L.c. 25, §5 governing timing of appeals); Friedman v. Board of *308 Registration in Med., 414 Mass. 663, 665 (1993) (statute cannot be overriden by appellate procedure rule of court).
We find additional support for this conclusion in the Uniform Summary Process Rules. The goal of summary process, as stated in Rule 1, is to “secure the just, speedy, and inexpensive determination of every summary process action.” And, as the Commentary to Rule 1 emphasizes, “time is of the essence” in eviction cases because (1) “real estate constitutes unique property and ... time lost in regaining it from a party in illegal possession can represent an irreplaceable loss to the owner;” and (2) a tenant is entitled to “dwellings that are habitable and secure.” Although rent has long been recognized as a component of summary process, Miskolczi v. Wilson, 6 Mass. App. Ct. 861 (1978), the primary focus is on possession and habitability. In this case, CPL did not join Adama as a defendant in this summary process action to extinguish any right of possession; it joined Adama solely to obtain a judgment for more than $132,000.00 on a contract of guaranty.
The judgment of dismissal of the action against defendant Adama is affirmed.
So ordered.

 Under the terms of the guarantee, Adama “personally and unconditionally guarantee [d] the prompt payment of rent by Lessee and the performance by Lessee of all obligations of th[e] lease.” CPL does not argue, and we do not consider, whether Adama was entitled to possession on Cepoint’s default under Adama’s “performance” obligation. The sole issue on appeal is whether CPL can maintain an action for rent against a guarantor in a summary process action.

 It may be the case that a landlord can bring an action in summary process against the tenant, file an independent action against a guarantor of the tenant’s obligation, and seek consolidation of the actions through Mass. R. Civ. P, Rule 42. Rule 42 allows for the consolidation of actions filed in a division of the District Court Department where the actions involve common questions of law and fact.