Scott Beres
appeals from a judgment of a single justice of this court dismissing his petition to transfer to this court, pursuant to G. L. c. 211, § 4A, a civil action he had commenced in the Superior Court challenging a final decision of the Board of Registration of Chiropractors suspending his professional license.[1] The single justice concluded that by statute, see G. L. c. 112, § 64, the action was required to have been timely filed in this court rather than in the Superior Court, and that she was constrained by prior decisions of this court to deny the request to transfer it here. See Hamel v. Board of Registration of Funeral Directors & Embalmers, 449 Mass. 1008, 1009 (2007); Friedman v. Board of Registration in Med., 414 Mass. 663, 666 (1993).
Nothing we said in the Hamel or Friedman case was intended to preclude a single justice’s exercise of discretion in the circumstances present here. While “[filling in the Supreme Judicial Court within thirty days for judicial review *861 is a jurisdictional requirement and not susceptible to extension except in limited circumstances as provided in the statute,” Friedman v. Board of Registration in Med., supra at 666, and “[fjiling the petition incorrectly in the Superior Court, instead of the Supreme Judicial Court, will not toll the thirty-day time limit,” id. at 665, transfer of this case from the Superior Court does not require tolling of the thirty-day period. The action was commenced within thirty days, albeit in the wrong court, and remains pending there. In the Friedman case, a Superior Court judge allowed the board’s motion to dismiss for lack of subject matter jurisdiction, and there was therefore no pending action to transfer. In Hamel v. Board of Registration of Funeral Directors & Embalmers, supra, the complaint was filed in the Superior Court within thirty days, and remained pending there while this court considered whether to transfer the complaint to this court. The single justice in that case acknowledged in his memorandum of decision that he had some discretion to transfer the case under c. 211, § 4A, but he declined to do so. While Hamel, supra, does not expressly reference the discretionary nature of the single justice’s judgment, this court determined there was no error in the single justice’s decision.[2]
Sean M. Beagan for the plaintiff
Julie B. Goldman, Assistant Attorney General, for the defendant.
In this case, the single justice concluded she was without discretion to consider whether to transfer the action from the Superior Court. Because G. L. c. 211, § 4A, permits a single justice of this court, in the sound exercise of his or her discretion, to transfer a case timely filed in another court to this court, we vacate the judgment of the single justice, and remand for consideration whether exercise of that discretion is appropriate in the circumstances of this case. As to that, we express no opinion.

So ordered.

A judge in the Superior Court stayed any decision on the board’s motion to dismiss for lack of subject matter jurisdiction, to permit Beres to petition for transfer to this court pursuant to G. L. c. 211, § 4A.

Neither Friedman v. Board of Registration in Med., 414 Mass. 663 (1993), nor Hamel v. Board of Registration of Funeral Directors & Embalmers, 449 Mass. 1008 (2007), purported to overrule earlier decisions in which this court had accepted a single justice’s authority to transfer to this court timely actions that had been mistakenly filed in the Superior Court. See Gurry v. Board of Pub. Accountancy, 394 Mass. 118, 119 & n.l (1985); Feldstein v. Board of Registration in Med., 387 Mass. 339, 340 (1982); Camoscio v. Board of Registration in Podiatry, 385 Mass. 1002, 1003 (1982); Arthurs v. Board of Registration in Med., 383 Mass. 299, 304 n.l 1 (1981).