HENRY, J. (concurring).
*1238 I reluctantly agree with the opinion of the court that we are constrained by existing case law to rule that the Appellate Tax Board lacked jurisdiction over Veolia Energy Boston, Inc.'s (Veolia) appeal from the denial of its application for abatement of personal property tax assessed for fiscal year 2015. I write separately to underscore how harsh this ruling is: had Veolia filed the form approved by the Commissioner of Revenue (commissioner), the board of assessors of Boston (assessors) would have received no more information than Veolia's October 14, 2014, letter already provided, and yet its claim is barred.
As discussed in the court's opinion, G. L. c. 59, § 59, delineates specific requirements for a proper tax abatement application, to *33 which Assessors of Boston v. Suffolk Law Sch., 295 Mass. 489, 492, 4 N.E.2d 342 (1936) ( Suffolk Law ), requires strict adherence. While we are constrained to follow Suffolk Law, it is worth noting that that case involved an initial challenge to a taxation decision, not a subsequent challenge in a subsequent year. Id. In other contexts, the Supreme Judicial Court has found discretion around the edges of a seemingly rigid statutory requirement. See generally Beres v. Board of Registration of Chiropractors, 459 Mass. 1012, 1013, 947 N.E.2d 569 (2011) (applicable statute required petition to be filed in Supreme Judicial Court but, where action was filed in wrong court, Supreme Judicial Court remanded with instruction to exercise discretion in considering transfer of matter). The Supreme Judicial Court could apply similar discretion in this case, particularly where the correct form was filed in the first instance.
Veolia's October 14, 2014, letter was received by the assessors in a timely manner. See ante at 1236 n.9. That letter notified the assessors that Veolia challenged the 2015 fiscal year tax assessment and that it was doing so for the same reason already being litigated by Veolia against the assessors for the prior fiscal year. That litigation commenced after Veolia filed a challenge to the tax on the right form for fiscal year 2014. It is undisputed that there is no substantive difference between the forms approved by the commissioner for fiscal years 2014 and 2015. Veolia's abatement argument is a challenge to whether the property at issue can be taxed at all, not to the rate of taxation or the value of the property. In other words, Veolia is raising the exact same challenge for fiscal year 2015 that it made for fiscal year 2014, and the assessors had timely notice of that fact through the October 2014 letter and reference to the fiscal year 2014 challenge. Indeed, the assessors admitted at oral argument that it would have been sufficient for Veolia to submit a copy of its fiscal year 2014 form stapled to a blank fiscal year 2015 form.
Unless and until the Legislature amends the statute or the Supreme Judicial Court applies its discretion, a cautious taxpayer will file the designated form each and every year while the first abatement action is pending, after which each subsequent abatement application will be stayed or joined to the original proceeding. This process will be repeated year after year until the original proceeding has concluded and its result will cascade through the subsequent tax years. These additional filings are unnecessary and will result in multiple actions -- here five and counting -- when one could suffice.