26h 309
63ad583

## TEMPLE GROVE SEMINARY, RESPONDENT, *v.* LOUIS H. CRAMER, AS RECEIVER OF TAXES, ETC., AND THE TOWN OF SARATOGA SPRINGS, APPELLANTS.

*Taxation — exemption of an incorporated academy from it — 1 R. S., 388, sec. 4 — A temporary lease of the building does not deprive it of the exemption — When an action lies to restrain the collection of a tax under chapter 68 of 1880.*

A building which was originally erected and used for school purposes, and was thereafter conveyed to and used by an incorporated academy, created under the general laws of this State by the Regents of the University, is exempt from taxation under section 4 of 1 Revised Statutes, 388.

The fact that the building is leased during the long vacation, extending from about the middle of June to the middle of September, as a boarding-house, does not subject it to taxation.

*Quære,* as to whether the leasehold estate of the tenant would not be subject to taxation.

Where a tax has been levied upon the property of such a corporation, and the assessment is valid upon its face, and the collector threatened to sell the same, as provided in chapter 68 of 1880, the association may, under section 8 of the said act, maintain an action to restrain the collection of the tax.

APPEAL from a judgment in favor of the plaintiff, entered on the decision of the court after a trial at a Special Term.

*A. Pond,* for the appellants.

*C. S. Lester,* for the respondent.

RUMSEY, J.:

The action is brought to restrain the defendant Cramer, as receiver of taxes of the town of Saratoga Springs, from selling the property of plaintiff to collect a tax.

The facts are, that the plaintiff is an incorporated academy, created under the general laws of the State by the Regents of the University. The real estate in question is owned by it, and consists of a lot of land on which is erected a building for the purpose of keeping a boarding-school. This building was erected for this purpose before the plaintiff was incorporated, but since the incorporation the premises have been used for a boarding-school as hereafter stated. The school term for 1878 commenced in September, and continued till June 19, 1879, during which term eighty-four pupils were instructed by a corps of nine teachers. The term for 1879 began September 16, 1879, and continued until June 17, 1880, at which term ninety pupils were instructed. Since its incorporation in 1869, the school has been carried on in the same general way, the term continuing from September till about the middle of June in each year, and the vacation being from the middle of June till the middle of September. About the 1st of July, 1879, the seminary building was leased by Charles F. Dowd, who was president of the trustees and principal of the academy, to his son, Charles M. Dowd, till September 1, 1879, to be used as a boarding-house. It was so used during that time, but the use as a boarding-house was discontinued before the time for beginning the school; and such

use does not seem to interfere with the use of the building or premises as an academy. While Charles M. Dowd thus occupied the premises, they were assessed to Charles F. Dowd, who lived in them at the same time.

The board of supervisors at its annual meeting in 1879, levied a tax of $194.69 upon that assessment. The warrant for the collection of taxes was issued to Cramer, and the tax not being paid he advertised the property for sale in the summary manner provided for by chapter 68, Laws of 1880.

This suit was brought to restrain the sale, upon the claim that the property is exempt from taxation. Judgment was entered as prayed in the complaint, and defendants appeal.

The first point raised by the appellant is that the court erred in denying his motion to dismiss the complaint, for the reason that it did not state facts sufficient to constitute a cause of action. We do not think that the motion should have been granted. The complaint stated the facts from which a conclusion of law might be drawn that the plaintiff's property was exempt, and no fault was or could be found with it in other respects.

The appellants insist that the property in question is not exempt because the building was not erected for the use of an incorporated academy, although it appears by the proof, and is found, that the building was erected in the first place for the use of a seminary of learning, and that the plaintiff has used it for that purpose ever since it was incorporated.

The only question is upon the intention of the legislature to be gathered from the statute. There is no doubt that the laws which exempt property from taxation are to be strictly construed. (Cooley on Taxation, 146.) But in construing those laws, like all others, the intention is to be carried out above all things. All rules of interpretation are adopted because they enable the courts to discover the intention of the law-maker, and they should not be followed when they lead away from it. The intention of the legislature in this exemption was clearly to foster the establishment and maintenance of incorporated seminaries which should be under the visitation of the Regents of the University, to whom general control of these matters is given. The main purpose to be gained was the education of the youth of the State, and from the requirement

that the institutions should be incorporated, it may be inferred that it was thought to be desirable that they should come under the supervision of the central authority. This building was from the first intended for a school. It was built for that purpose, and has been from the time of its erection used for the same purpose. Except for the fact that the owners of it were not incorporated until the school was established, the case is precisely within the words of the statute.

If the building now standing should burn, and another one for the same purpose be built by plaintiff, the new building would be within the express letter of the law.

But the intention of the legislature would be no better attained by the new building than by the present one. We do not think the law calls for such exceedingly strict construction. The intention of the legislature, which is the advancement of learning, is best to be attained by holding, as we do, that this property is within the spirit of the statute, which exempts from taxation a building erected for the use of an incorporated seminary of learning. (1 R. S., 388, § 4.)

The next point of appellants is, that the property was not exempt, because at the time the assessment was made it was used during the long vacation as a boarding-house.

The primary purpose for which this building was erected and the use to which it was put for as much of the year as possible was a school-house. Its use for that object was never abandoned. If there was a temporary cessation of it, it was because the yearly vacation rendered it impossible to devote the building to school purposes during those two months. But such interruption of the use was not an abandonment by any means. For this reason this case is not within *Old South Society* v. *Boston* (127 Mass., 378), and cases of that kind cited by the appellant, where the property sought to be exempted had been devoted in whole or in part permanently to a different use than the one which the statute exempted. In this case the intention of the legislature was fully carried out. During two months no school could be held in the building; it must stand vacant unless it was put to some other use. We see no objection to a temporary use of it not inconsistent with its use as a boarding-school. So long as that is the principal use to which it is devoted,

and it is put to that use for as great a part of the year as is practicable and customary, the fact that during the long vacation, when it would otherwise stand vacant, boarders are kept in it and its usefulness for school purposes is not thereby impaired or interfered with, it does not become liable to taxation. (*C. M. and St. P. Ry. Co.* v. *Supervisors*, 5 N. W. Rep., 3.) If such use was a violation of its charter, which is doubtful, that fact does not take away the exemption. As was said in *Town of New Haven* v. *City Bank* (31 Conn., 106), the corporation may by such improper use of its property become liable to be dissolved, but the property does not cease to be exempt while the corporation exists and uses it.

But the defendants say that it was proper to assess Charles M. Dowd's leasehold estate in the property. That may be so, but they have not assessed it. They have assessed the property itself to the occupant, and they seek to sell the land and building to collect it. If the assessment had been of the leasehold estate of C. M. Dowd, entirely different questions might arise than are presented here.

We think the action is properly brought under the act of 1880. The assessment is valid on its face, the defendant Cramer threatens to sell under it, and the act authorizes, in express terms, the bringing of an action to vacate the assessment and restrain the sale. (Chap. 68, Laws of 1880, sec. 8.) It is difficult to see the force of this section if such an action as this cannot be maintained upon the facts appearing here.

The judgment must be affirmed, with costs.

LEARNED, P. J., and OSBORN, J., concurred.

Judgment affirmed, with costs.