JAMES T. BARRETT, JR., *vs.* POLICE COMMISSIONER OF BOSTON.

Suffolk.   February 3, 1964. — April 10, 1964.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Retirement. Municipal Corporations,* Employees. *Mandamus. Words,* "Matter."

A decision by a city retirement board under G. L. c. 32, § 16 (2), that a discharge by the head of a department of a member of the department who had completed twenty or more years of creditable service and was a member of the retirement system was not justified and that he be restored to his position, related to a "matter" which was "subject to review by" the District Court under § 16 (3) (a), and therefore was excluded from review by appeal to the Contributory Retirement Appeal Board under § 16 (4), even though review by the District Court could be sought only by the member and was not open to the head of the department.   [300–301]

A mandamus proceeding to restore the petitioner to a position in the service of a city without loss of compensation in accordance with a decision of the city's retirement board under G. L. c. 32, § 16 (2), following discharge of the petitioner by the respondent, the head of his department, was not prematurely brought although, at the time of filing of the petition, the respondent had purportedly appealed from the board's decision to the Contributory Retirement Appeal Board under § 16 (4) and no hearing had been held on that appeal nor any notice of such hearing been given, since the Appeal Board had no jurisdiction of that appeal; nor was there any reason for refusal of the writ as a matter of discretion.   [301]

A decision by a city retirement board under G. L. c. 32, § 16 (2), that a discharge by the head of a department of a member of the department was not justified and that the member should "forthwith be restored" to his position "without loss of compensation," did not restrict the member's rights to "reinstatement only for the purposes of retirement." [301]

PETITION for a writ of mandamus filed in the Supreme Judicial Court for the county of Suffolk on June 18, 1963, and transferred to the Superior Court.

The case was heard by *Moynihan*, J. The respondent appealed from an order that the writ issue.

*William H. Kerr* for the respondent.

*John F. McCarthy, Jr.,* for the petitioner.

SPIEGEL, J. This is an appeal from an order of a judge of the Superior Court that a writ of mandamus issue restoring the petitioner to the position of sergeant in the Boston police department without loss of compensation in accordance with a decision of the Boston Retirement Board (Retirement Board). The petition was heard on a case stated.

The petitioner was appointed a police officer of the city of Boston on April 2, 1937, with the rank of patrolman. On May 10, 1950, he was appointed to the rank of sergeant. On December 19, 1962, after a hearing in which he participated, the respondent found the petitioner guilty of "certain charges which had been preferred against him," and dismissed him from the department. The respondent filed with the Retirement Board a written notice of the dismissal which contained "a fair summary of the facts upon which . . . [his] action was based." On December 27, 1962, the petitioner filed with the Retirement Board a "request for a hearing re his dismissal." The Retirement Board held a public hearing and on February 25, 1963, unanimously voted that the petitioner be restored to the position of sergeant without loss of compensation.[1]

On March 12, 1963, the respondent filed with the Con-

---

[1] "That the discharge of James T. Barrett, Jr., as Sergeant in the Police Department of the City of Boston, was not justified, due to the lack of sufficient credible evidence to support the charge upon which said discharge was based and that James T. Barrett, Jr., shall forthwith be restored to the position of Sergeant in the Boston Police Department without loss of compensation."

tributory Retirement Appeal Board (Appeal Board) a written appeal from the Retirement Board's decision. No hearing has been held on this appeal nor has any notice of such hearing been given. The petitioner has not been restored to the position of sergeant. He "came under" the provisions of G. L. c. 32, §§ 1 to 28, inclusive, on December 31, 1948.

The respondent contends that he "had standing to appeal the Retirement Board's decision to the Appeal Board." Under G. L. c. 32, § 16 (4),[2] review by the Appeal Board is limited to "matters other than those subject to review by the district court as provided for in subdivision (3) of this section, or other than those which would have been subject to such review had the requirement for the minimum period of creditable service been fulfilled." It is clear that the matter on which the respondent purported to appeal was one "subject to review by the district court" under c. 32, § 16 (3) (a),[3] inasmuch as it involved the discharge of a member who had "completed twenty or more years of creditable service." Admittedly the respondent is correct in saying that "review . . . [under] subdiv[ision] (3) was not open to the respondent, but only to the petitioner as a 'member.' " The failure to provide for appeal by one of

_____

[2] "The contributory retirement appeal board shall pass upon the appeal within six months after holding such hearing, and its decision shall be final and binding upon the board involved and upon all other parties in interest, and shall be complied with by such board and by such parties."

[3] "Any member classified in either Group 1 or Group 2 who has attained age fifty-five and completed fifteen or more years of creditable service, or any member so classified who has not attained age fifty-five but who has completed twenty or more years of creditable service, . . . and who is aggrieved by any action taken or decision of a board rendered with reference to his involuntary retirement under the provisions of subdivision (1) of this section or to his removal or discharge as set forth in subdivision (2) of this section, or any member who is aggrieved by any action taken or decision of a board rendered with reference to his dereliction of duty as set forth in section fifteen, may, within thirty days after the certification of the decision of the board, bring a petition in the district court within the territorial jurisdiction in which he resides praying that such action and decision be reviewed by the court. After such notice as the court deems necessary, it shall review such action and decision, hear any and all evidence and determine whether such action was justified. If the court finds that such action was justified, the decision of the board shall be affirmed; otherwise it shall be reversed and of no effect. If the court finds that such member was unjustifiably retired, removed or discharged from his office or position he shall be reinstated thereto without loss of compensation. The decision of the court shall be final."

the parties does not change the nature of the "matter," a word which we regard in this context as synonymous with "subject." See *Clarke* v. *Darr,* 156 Ind. 692, 697. The case of *State Bd. of Retirement* v. *Contributory Retirement Appeal Bd.* 342 Mass. 58, 59–60, cited by the respondent, involved a different issue and different procedure from those we are presently considering. At most, our holding in that case would require a conclusion that if this matter were reviewable by the Appeal Board, the respondent would be a "person aggrieved" within the meaning of G. L. c. 32, § 16 (4), and thus entitled to appeal. However, as the Appeal Board had no jurisdiction over the present matter, neither party was entitled to appeal to the Appeal Board from an adverse decision of the Retirement Board.

In view of the foregoing, we perceive no merit in the respondent's contention that the petition was "premature" nor can we see any other reason for which the issuance of the writ should have been refused "[i]n the exercise of a sound judicial discretion."

Only one other issue argued by the parties need be decided: whether, as the respondent contends, the "Retirement Board's vote entitles the petitioner to reinstatement only for the purposes of retirement." Such an interpretation of G. L. c. 32, § 16, would be contrary to previous interpretations which this court has given to the statute. "[R]eferring to G. L. c. 32, § 16 (1) (2) and (3), as amended, [we said] that 'The Legislature has provided a *comprehensive* method by which a teacher, who claims to be aggrieved by the action of a school committee, may test the propriety of such action first before the retirement board and secondly before a District Court'" (emphasis supplied). *O'Day* v. *School Comm. of West Brookfield,* 343 Mass. 122, 124. *Duncan* v. *School Comm. of Springfield,* 331 Mass. 738, 741. Having said that the method of review prescribed by G. L. c. 32, § 16 (1), (2), and (3), is "comprehensive" in regard to persons aggrieved, we are not inclined to assert that it was meant to apply only to the right to receive retirement benefits.

*Order affirmed.*