Fremont-Smith, J.
INTRODUCTION
Plaintiff Commercial Wharf East Condominium Association (“Commercial Wharf’) brings this action seeking a declaration that two particular Orders of Conditions imposed by defendant Boston Conservation Commission (“the Commission”) are unenforce *694 able because they exceed the authority of the Commission and has moved for summary judgment. The Commission seeks dismissal of the complaint pursuant to Mass.R.Civ.P. 12(b)(1), contending that Commercial Wharfs failure to exhaust administrative remedies bars it from bringing an action in this Court.
STATEMENT OF RELEVANT FACTS
Although the parties are no strangers to litigation, the issues presented in the instant action are succinct. In its complaint, Commercial Wharf, an organization of unit owners of Commercial Wharf East Condominiums, contends that the Commission exceeded its authority in ordering, among other things, that Commercial Wharf allow public access to the waterfront across its private property.[1]
By way of background, in previous litigation, the Supreme Judicial Court held that if Waterfront Parking Corp.[2] (“Waterfront Parking”) wished to make any material changes in the operation of the parking area and driveway for the condominium, it must consult with the Commercial Wharf Condominium Association. See Commercial Wharf Condominium Association v. Waterfront Parking Corp., 407 Mass. 123, 138 (1990). The Court further concluded that Waterfront Parking had implemented several material changes in the operation of the parking and driveway areas without the requisite consultation with Commercial Wharf and remanded the case to the Land Court, which, after a trial, awarded damages to Commercial Wharf, which award was affirmed. See Commercial Wharf Condominium Association v. Waterfront Parking Corp., 412 Mass. 309 (1992).
In 1993, Commercial Wharf again sued Waterfront Parking, seeking to require it to perform certain obligations under the Commercial Wharf East Condominium — Declaration of Covenants and Easements (“the Declaration,” which had been recorded with the registry of deeds prior to the recordation of the condominium master deed). Specifically, Commercial Wharf sought a declaration that Waterfront Parking’s property interests were extinguished because of its failure to fulfill its covenants to maintain and repair the parking and driveway areas, as it was required to do pursuant to the Declaration. After a hearing, this Court determined that Waterfront Parking’s legal interest was not extinguished, but that Commercial Wharf would be entitled to damages for Waterfront Parking’s failure to perform necessary repairs to the parking lot and driveway area.[3]
To comply with its obligations under the Declaration as interpreted by this Court’s January 30, 1997 decision, Waterfront Park had to comply with the Massachusetts Wetlands Protection Act, G.L.c. 131, §40. In accordance with the Act, Waterfront Park filed a Notice of Intent (“NOI”) with the Boston Conservation Commission (“the Commission”) on June 4, 1996 in regard to its proposed construction. Pursuant to the Act, Waterfront Park provided Commercial Wharf, as an abutter, with notice of its application and of the scheduled hearing, and published a notice in a local newspaper, as required by G.L.c. 131, §40. On November 6, 1997, after a public hearing, the Commission issued Orders of Conditions to Waterfront Park with which it was required to comply in order to gain approval for its proposed construction and maintenance work. Although notified of the application and hearing thereon, Commercial Wharf chose neither to attend nr monitor the hearing nor to otherwise concern itself about the Commission’s Orders of Conditions which resulted therefrom.
Although thirty-seven conditions were promulgated by the Commission, only two are at issue in the instant case. First, Condition 35 requires that:
Prior to commencement of the rehabilitation work all signs indicating "No Trespassing — Police Take Notice” shall be removed. In addition the pedestrian portion of the gate of the East side auto gate at Atlantic Avenue shall not be obstructed at any time, allowing for access from the street to the water’s edge. This condition shall be a continuing condition, and shall not expire upon the issuance of a certificate of compliance.
The gate referred to in the aforementioned condition is located on condominium land, not on Lot 4, nor on any other properly owned by Waterfront Park.
Second, Condition 36, the other condition at issue, requires that:
No vehicle shall park within four (4) feet of the water side edge of the pier deck. This area shall be buffered from the parking places with either car stops or planters. The four (4) foot wide area shall be unobstructed to allow public pedestrian access.
The required parking buffers are located in the parking and driveway areas which were owned by Waterfront Park, subject to easement rights of Commercial Wharf. In April 1999, following the commencement of this lawsuit, plaintiff purchased the entire wharf involved in this lawsuit, which was owned by Waterfront Park.[4]
There is no question that the issuance of the Orders of Conditions placed restrictions on both Waterfront Park’s and Commercial Wharfs property interests. Although Commercial Wharf does not deny that it had notice of the public hearing held by the Commission with respect to Waterfront Park’s NOI, it contends that it was not informed that the issuance of Orders of Conditions would place restrictions on its property interests, and that, by the time Commercial Wharf learned of the Orders of Conditions, the time period for administrative appeals had expired.[5]
In its complaint, filed nearly three years after the 1997 Orders of Conditions, Commercial Wharf alleges that Conditions 35 and 36, which placed restrictions on Commercial Wharfs property interests so as to require public access to the waterfront, were beyond *695 the scope of the Commission’s authority,[6] and seeks a declaration that the aforementioned conditions are ultra vires and, hence, are void and unenforceable.
DISCUSSION
The Motion to Dismiss Standard
The Commission moves, pursuant to Mass.R.Civ.P. 12(b)( 1), that this Court dismiss the action now pending before it on the ground that this Court does not have jurisdiction to hear the matter. Unlike a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), a Court may consider materials beyond the scope of the pleadings with a Mass.R.Civ.P. 12(b)(1) motion to dismiss for lack of jurisdiction. Ginther v. Commissioner of Insurance, 427 Mass. 319, 322 n. 6 (1998).
A motion to dismiss for lack of subject matter jurisdiction based on factual insufficiency of the complaint should be granted where the plaintiffs allegations, even if taken as true, do not establish the Court’s jurisdiction to hear the claim. Ginther, supra at 322. When a remedy is created by statute, and the time within which it may be availed of is one of the prescribed conditions for relief, failure to meet that time limit deprives a judicial body, court, or administrative appeals board of jurisdiction to hear the case. Nissan Motor Corp. in U.S.A. v. Commissioner of Revenue, 407 Mass. 153, 157 (1990).
In the instant case, for reasons discussed below, dismissal is warranted because, taking the alleged facts in a light most favorable to the plaintiff, Commercial Wharf failed to exhaust its specific administrative remedies specified in the legislative mandate. Because Commercial Wharf failed to appeal the challenged Orders of Conditions within ten days, as prescribed by the Wetlands Protection Act, this Court is precluded from granting declaratory relief. Alternatively, Commercial Wharf, as the successor in interest to Waterfront Park, is barred by Waterfront Park’s failure to appeal the challenged Orders of Conditions, which specifically bound Waterfront Park and its “successors and assigns," i.e. the plaintiff.
The Exhaustion Doctrine
It is well-settled within the Commonwealth that “in the absence of a statutory directive to the contrary, the administrative remedies should be exhausted before resort to the courts.” East Chop Tennis Club v. Massachusetts Commission Against Discrimination, 364 Mass. 444, 448 (1973). The usual rule is that a court or an administrative appeals body is without jurisdiction to consider cases where the plaintiff has failed to bring an appeal within the statutory period. See Nissan Motor Corp. in U.S.A. v. Commissioner of Revenue, 407 Mass. 153, 157 (1990) (“It has long been the law of this Commonwealth that, when a remedy is created by statute, and the time within which it may be availed is one of the prescribed conditions for relief, failure to meet that time limit deprives a judicial body, court, or administrative appeals board of jurisdiction to hear the case”). It is undisputed from the complaint, the accompanying affidavits, and the stipulation of facts, that a representative from Commercial Wharf did not attend the Commission’s hearing with respect to the use of the wharf nor file an administrative appeal within ten days. Commercial Wharf, however, contends that even though it did not pursue a timely appeal under the statute, it may properly seek declaratory relief because it is challenging the Commission’s lack of jurisdiction over the subject matter.[7] See Board, of Appeals of Rockport v. Decarolis, 32 Mass.App.Ct. 348, 352 (1992). While such relief maybe appropriate in certain circumstances, see e.g. Town of Swansea v. Contributory Retirement Appeal Board, 43 Mass.App.Ct. 402 (1997) (where county board gave incorrect advice to town, and town missed limitations period, special circumstances called for declaratory relief), it is not so in the instant case.
It is true that where an agency is acting under an unconstitutional statute a court may, in certain narrow circumstances, exercise jurisdiction despite the moving party’s failure to exhaust administrative remedies. Saint Luke’s Hospital v. Labor Relations Commission, 320 Mass. 467, 470-71 (1946). Further, where administrative remedies would be inadequate, or resort to them futile, a court may likewise exercise jurisdiction. Ciszewski v. Industrial Accident Board, 367 Mass. 135, 141 (1975) (agency appeal would be futile where Industrial Accident Board had refused to act on the ground that the requested action was beyond its jurisdiction). Where there is no contention that G.L.c. 131, §40 is unconstitutional and where, as here, the agency asserts its right to decide its own jurisdiction, when challenged, in the first instance, the narrow exception described in Saint Luke’s Hospital’s to the requirement of exhaustion of administrative remedies has no application. See Wilczewski v. Commissioner of Department of Environmental Quality Engineering, 404 Mass. 787, 793-94 (1989); Conservation Commission of Falmouth v. Pacheco, 49 Mass.App.Ct. 737, 740-41 & n. 5 (2000); Board of Appeals of Rockport v. DeCarolis, 32 Mass.App.Ct. 348 (1992) (in the absence of special circumstances, challenge to the subject matter of agency should be brought in the first instance before the agency); Town of Bourne v. Austin, 19 Mass.App.Ct. 738, 744 (1985) (“the applicability of the [wetlands protection] statute should be determined in the first instance by the local conservation commissions . . .”).
It is also true that an exception to the requirement of exhaustion of administrative remedies has been recognized “if a case presents a purely legal question of wide public significance." Kelleher v. Personnel Administrator of the Department of Personnel Administration, 421 Mass. 382, 385 (1995), and cases there cited. Here, however, unlike the cited cases, plaintiff is seeking to protect its private property interests against the rights of the public. Those cases, therefore, are distin *696 guishable from cases in which judicial review has been allowed in order to further (rather than to thwart) the public interest. See, e.g., Town of Swansea v. Contributory Retirement Board, 43 Mass.App.Ct. 402 (1997).
Nor does the fact that the instant action has been framed as one for declaratory relief aid Commercial Wharf. As stated in East Chop Tennis Club, supra at 450,. “[a] proceeding for declaratory relief in itself does not operate to suspend the ordinary requirement that a plaintiff exhaust his administrative remedies before seeking judicial relief.” See also Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621, 624 (1989) (“[w]hen a direct and distinct path of review is available, it is not appropriate to grant declaratory relief . . . particularly where the action seeks to circumvent the time period prescribed for a direct appeal”); New England Milk Dealer’s Association, Inc. v. Department of Food and Agriculture, 22 Mass.App.Ct. 705, 709 (1986) (“declaratory relief should not be used to circumvent a period prescribed by statute for obtaining judicial review").
Plaintiff further contends that, even were the doctrine of exhaustion of administrative remedies otherwise applicable, it cannot be faulted for failure to exhaust such remedies where it did not receive timely notice of the Orders of Conditions. Thus, Commercial Wharf argues, to subject it to the Orders of Conditions as to public access in these circumstances would violate principles of due process.
It is true that for purposes of due process, notice reasonably calculated under all the circumstances to appraise interested parties of the pendency of an action and afford them an opportunity to present objections is “an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality.” Cappuccio v. Zoning Board of Appeals of Spencer, 398 Mass. 304, 312-13 (1986), citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In Cappuccio, however, the court held there was no deprivation of due process where the plaintiff had been given notice, as an abutter, of the zoning board hearing, but had not requested or been sent a copy of the board’s decision from which it belatedly sought an appeal. The court said that, under these circumstances, it is not a denial of due process to impose upon the plaintiff a duty to inquire periodically of the town clerk whether the board’s decision had been filed. Id. It is thus recognized that “notice of facts which would incite a person of reasonable prudence to an inquiry under similar circumstances is notice of all the facts which a reasonably diligent inquiry would develop." Commonwealth v. Olivo, 369 Mass. 62, 69 (1975). “A party may not ‘shut his eyes to the means of knowledge which he knows are at hand, and thereby escape the consequences which would flow from the notice if it had actually been received.’ ” Id.
Pursuant to G.L.c. 131, §40, when an applicant such as Waterfront Park files a notice of intent with the local conservation commission, it must give notice of its application to all abutters within 100 feet of the property where the activity is proposed. The notice must be delivered either by hand or by certified mail, return receipt requested, and must include a statement of where the notice of intent may be examined or obtained, and where information regarding the date, time, and place of the public hearing may be obtained. Hearings before the conservation commission with respect to notices of intent are open to the public, and all interested parties, including abutters, are free to attend, to submit comments, and to move to intervene.
Within ten days after the Commission issues its Orders of Conditions, all interested parties, including abutters, may file a request for a Superceding Order of Conditions with the Department of Environmental Protection (“DEP”). If the DEP refuses the request or if the interested party is still aggrieved, the party may appeal to an Administrative Law Judge (“ALJ”) within the DEP. This Court may then hear an appeal of the ALJ’s decision.
There is no question that Commercial Wharf qualified as an “abutter” for purposes of G.L.c. 131, §40, and that Commercial Wharf was notified of Waterfront Park’s application for a NOI for work on the Commercial Wharf property. Indeed, in its NOI filed with the Commission, Waterfront Park lists Commercial Wharf as an abutter to which notice was sent, and Commercial Wharf does not dispute that it received notice of the application and of the hearing.[8] Further, in accordance with G.L.c. 131, §40, the notice of the hearing was published in the Boston Herald a week before its commencement.
Yet, despite this notice, and the fact that the work was to be done at its behest and, at least in part, for its benefit, Commercial Wharf failed to attend or to monitor the hearing, to submit any comments with respect to the proposed activity, or to make any inquires concerning the Orders of Conditions to be issued by the Commission. Instead, it accepted the benefit of the repair and maintenance work by Waterfront Park, and only almost three years after the Orders of Conditions and one and one-half years after Waterfront Park had done the work pursuant to the Orders did it institute suit to challenge the Orders of Conditions under which the work had been done. Under these circumstances, not only is there a failure to exhaust administrative remedies, but a question of waiver and estoppel is also presented.[9]
The Supreme Judicial Court has recognized the public policy in favor of the finality of unchallenged decisions, stating that “the Legislature intended that affected parties should be able to rely on-the decisions of boards of appeal and special permit granting authorities which have not been challenged within a *697 limited period." Iodice v. City of Newton, 397 Mass. 329, 334 (1986). There is no reason to depart from that policy on the facts presented here.
Finally, it is stipulated that, since April 1999, Commercial Wharf owns the entire wharf property, including that formerly owned by Waterfront Park,[10] and that Waterfront Park, which had notice of the Orders of Conditions and did not appeal them, was bound by the terms.[11] Commercial Wharf, which is the successor in interest to Waterfront Park, and which purchased Waterfront Park’s property interests fully aware of the Orders of Conditions, stands in its shoes and is similarly bound.
ORDER
For the reasons set forth herein, it is therefore ORDERED that the Plaintiffs Motion for Summary Judgment is DENIED and that the Defendant’s Motion to Dismiss is ALLOWED.[12] Final judgment shall enter for the Boston Conservation Commission.

The Commission has imposed similar Orders of Conditions on the development of other waterfront properties in order to create public access to the waterfront around Boston Harbor.

Waterfront Parking was the prior owner of the property in question, subsequently owned by Waterfront Park Limited Partnership (“Waterfront Park") and, since 1999, owned by Commercial Wharf.

“Memorandum of Decision and Order on Defendant’s Motion to Dismiss Count Three of the Complaint," dated January 30, 1997, Commercial Wharf East Condominium Association v. Waterfront Parking Corp., et. al. (Suffolk Superior Court, Civ. No. 93-0814). This decision was not appealed.

See: “Statement of Undisputed Material Facts,” dated May 28, 1999; affidavit of John Reardon.

The proper course for an appeal of an Order of Conditions under G.L.c. 131, §40 is to the Department of Environmental Protection (“DEP”) for a Superseding Order of Conditions. Although whether plaintiff received notice of the Orders of Conditions in 1997 is disputed, the Court will assume, for purposes of these motions, that it did not, but does not find this to be a dispositive issue requiring further discovery, for the reasons explained below.

The Commission’s authority is set forth in G.L.c. 131, §40 and 310 C.M.R. 10.00 et. seq.

To wit, the Commission’s statutory authority to require public access to the waterfront.

Richard McGuinness, the Executive Secretary of the Boston Conservation Commission, confirms in his affidavit that Waterfront Park submitted an abutter’s list and requested notification of the hearing date and time so that it “may notify abutters.”

See, for example, Space Building Corp. v. Commissioner of Revenue, 413 Mass. 445 (1993). Although the court held that a taxpayer was not barred from challenging the commissioner’s refusal to abate a tax for failure to exhaust his administrative remedies because the question was a pure question of law having wide public significance, plaintiff had timely filed his administrative appeal at the same time he sued in court, rather than, as here, waiting several years to bring suit.
It may be noted that were the plaintiff to be permitted to belatedly challenge the public’s access to the waterfront, so could all the other developers who accepted the Orders of Conditions to get the benefits of their proposed developments. To the extent plaintiff may have legitimate concerns about security, there is nothing to prevent it from seeking from the Commission permission to close its gates to public access during specified night-time hours.

“Statement of Undisputed Material Facts," para. 27.

The Orders of Conditions were expressly binding not only on Waterfront Park, but also on its “successors and assigns,” i.e. on Commercial Wharf. See Special Condition No. 13.

Where a court lacks jurisdiction to make a declaration of rights, the correct disposition of the case is dismissal of the complaint for lack of jurisdiction, rather than a declaration of the rights of the parties. Iodice v. City of Newton, 397 Mass. 329 (1986).