MacDonald, D. Lloyd, J.
The motion is ALLOWED IN PART AND DENIED IN PART for the reasons that follow.
Introduction
Plaintiff Roman Catholic Archdiocese of Boston (“RCAB”) filed a complaint seeking declaratoiy judgment that the Francis X. Cabrini Parish (“the Parish”) in Scituate is exempt from property taxation under G.L.c. 59, §5, cl. 11, even though the Parish has been “suppressed.” Defendant Town of Scituate (“the Town”) has moved to dismiss, arguing that this Court lacks subject matter jurisdiction because RCAB has failed to exhaust or timely pursue administrative remedies. The Town contends that, with respect to RCAB’s taxes in fiscal year 2007 (“FY07”), RCAB has a pending appeal before the Appellate Tax Board (“ATB”). With respect to RCAB’s taxes in fiscal year 2006 (“FY06”), the Town contends that RCAB missed the abatement filing deadline.
Background
In October 2004, the Archbishop of Boston “suppressed” the Parish, meaning that the Parish buildings are not currently part of a designated parish, although, under canon law, the buildings remain a sacred place designated for divine worship. None of the Parish buildings have been used for a non-religious purpose since being suppressed.
After suppression, the Town withheld the Parish property exemption under G.L.c. 59, §5. In FY06 and FY07 the Town taxed tire Parish property, and RCAB paid the taxes. RCAB filed an appeal to the ATB for their FY06 taxes, but that appeal was voluntarily withdrawn after it was determined that the filing was untimely. RCAB also applied for an abatement for the FY07 taxes. The filing was timely, but the petition was denied. RCAB thereafter filed a timely appeal of the denial, and that appeal is currently pending before the ATB.
Discussion
In the tax context, the Court has the discretion to entertain an action for declaratoiy relief even though the plaintiff has not yet exhausted all administrative remedies. Space Bldg. Corp. v. Comm’r of Revenue, 413 Mass. 445, 448 (1992); Sydney v. Comm’r of Corps. & Taxation, 371 Mass. 289, 293 (1976). However, this discretion should only be applied to a “narrow set of circumstances.” Ace Prop. & Cas. Ins. Co. v. Comm’r of Revenue, 437 Mass. 241, 243 (2002). “Exhaustion is generally required unless the administrative remedy is ‘seriously inadequate,’ and exceptions to the rule occur most often when important, novel, or recurrent issues are at stake, when the decision has public significance, or when the case reduces to a question of law.” Space Bldg., 413 Mass. at 448 (quoting Sydney, 371 Mass. at 294-95).
The Town argues that dismissal is appropriate by analogizing to I.S.K. Con of New England, Inc. v. Boston, 19 Mass.App.Ct. 327 (1985). The Appeals Court found there that the facts presented did not warrant the exercise of discretion to entertain an action for declaratoiy relief *235 before administrative remedies had been exhausted. Id. at 330-32. The underlying issue was whether the plaintiff was “an exempt charitable or religious organization within G.L.c. 59, §5,” and the Court held that that this was a “primarily factual" question presenting no novel, important or recurrent issues. Id. at 331.
RCAB argues here that there is a broader issue at play, namely, the proper interpretation of G.L.c. 59, §5, cl. 11 to a likely recurring fact situation. The RCAB submits that “the manner in which Clause 11 is interpreted and applied may directly impact not only numezous parishes of RCAB but all religious organizations whose properties are exempted from taxation by that statute ...” RCAB submits that the tax is wholly void, and that the statute should be interpreted to prohibit taxation of religious properties so long as the properties are not actively used for nonreligious purposes. RCAB contends that its case “reduces to a question of law” because the issue is one of statutory interpretation without dispute over the facts. Space Bldg., 413 Mass.z at 448; Sydney, 371 Mass. at 295. The RCAB also argues that the issue presented is novel.
RCAB’s FY06 taxes present a further issue. While RCAB initially filed an administrative appeal to the ATB regarding an FY06 tax abatement, RCAB voluntarily withdrew that appeal. See Defendant’s Motion to Dismiss, Exhs. A, B. Thus, RCAB is seeking c. 231A relief without having pursued its administrative remedy with respect to the FY06 taxes, and after the time period for pursuing that remedy has passed.
Where a party has failed to pursue timely the normal administrative or judicial remedy, that parly must show that there are “special circumstances” which justify it in going forward with its action for declaratory relief. Doyle v. Dep’t of Indus. Accs., 50 Mass.App.Ct. 42, 47 n.6 (2000); Rosenfeld v. Bd. of Health of Chilmark, 27 Mass.App.Ct. 621, 624 (1999) (‘When a direct and distinct path of review is available, it is not appropriate to grant declaratory relief in the absence of special circumstances, particularly when the action seeks to circumvent the time period prescribed for a direct appeal” (internal quotation omitted)).
The Court has been unable to find precedent in the tax context construing the phrase, “special circumstances.” However, outside the tax context, only truly exceptional facts have been held to rise to the level of “special circumstances.” Swansea v. Contributory Ret. Appeal Bd., 43 Mass.App.Ct. 402, 406-07 (1997) (finding “special circumstances of public import” where the plaintiff town missed the filing deadline because the defendant board’s written decision misinformed the town as to its right of appeal, with the result that the defendant board’s decision, “inadequate on its face, has evaded all administrative and judicial review”); Bd. of Appeal of Rockport v. DeCarolis, 32 Mass.App.Ct. 348, 353 (1992) (finding “special circumstances of public import” where the State Building Code Appeals Board and the local zoning board of appeals issued conflicting orders as to the lawfulness of a new structure).
However, as pointed out by the Attorney General in her filing, the requirement of “special circumstances” should not be considered to have been met by a simple showing of circumstances justifying this Court’s exercise of discretion under the Sydney and Space Building cases discussed above to hear cases pursuant to G.L.c. 321A. Commonwealth’s Response to Court’s Order of February 20, 2008, pp. 4-5. From a policy perspective, if the identical facts could be used to satisfy both tests, then there would be no incentive for taxpayers to pursue their administrative remedies in a timely fashion.
Application to the Facts
There are no “special circumstances of public import” raised by the RCAB’s FT 2006 taxes. That is because the RCAB simply missed a filing deadline. As with any other taxpayer, the RCAB is foreclosed by its lack of timeliness from administrative review. Thus, so much of the Town’s motion to dismiss as applies to the FY 2006 taxes is ALLOWED.
As to the FY 2007 taxes, however, the RCAB timely filed for an abatement. Further, there are “important, novel [and] recurrent issues at stake.” Space Building, 413 Mass. at 448. That is because of the sensitive First Amendment environment in which the dispute has arisen and the likelihood that the issue will recur. Although not specifically argued by the RCAB, the Court takes judicial notice of these being lean times for many religious organizations and the consequent occasion for difficult resource allocation decisions by those in authority in such organizations.
The Town also argues that the complaint fails because it was not timely brought pursuant to G.L.c. 60, §98, the statutory provision for an “action to recover back a tax.” The Town cites the case of New England Legal Foundation v. City of Boston, 423 Mass. 602, 608 (1996), for the proposition that failure of a taxpayer to comply with the statute’s “90 day window” is “jurisdictional.” However, a taxpayer in the RCAB’s position has a choice of statutoiy remedies. The taxpayer may file either, as the RCAB did here, for an abatement and thereafter appeal to the ATB via G.L.c. 59, §§64 and 65 or the taxpayer may file pursuant to G.L.c. 60, §98. Norwood v. Norwood Civic Association, 340 Mass. 518, 523 (1960). Accordingly, with the RCAB having done the former, there is no independent ground upon which to assert that the RCAB is not properly before the Superior Court.
ORDER
So much of the defendant’s motion to dismiss as relates to the plaintiff s claim for relief arising from its FY 2006 taxes is ALLOWED. So much of the defendant’s motion to dismiss as relates to the plaintiffs claim for relief from its FY 2007 taxes is DENIED.