Troy, Paul E., J.
The plaintiff, Roman Catholic Archbishop of Boston (“Roman Catholic Archbishop”), filed this declaratory judgment action against the Town of Scituate, the Town of Scituate Board of Assessors, and the Town of Scituate Treasurer-Collector (collectively “Scituate”) seeking a declaration that Scituate’s assessment, imposition and collection of property taxes on certain property owned by the Roman Catholic Archbishop violates G.L.c. 59, §5, cl. 11. This matter is before the court on the Roman Catholic Archbishop’s Motion for Summary Judgment. For the following reasons, the Roman Catholic Archbishop’s motion is DENIED.
BACKGROUND
The Roman Catholic Archbishop is a body politic and corporation sole organized to further the religious and charitable purposes of the Roman Catholic Church. St. 1897, c. 506, §§1 & 2. St. Francis Xavier Cabrini Parish (“Parish”) was established on February 16, 1960, to serve as a place of Catholic worship and instruction. The Parish consists of seven parcels of land, all of which are owned by the Roman Catholic Archbishop and located in Scituate. The Parish property consists of a church, a rectory, a building used as the Parish Hall, open space, and parking areas (“Parish property”).
On October 5, 2004, the duly appointed Roman Catholic Archbishop of Boston, Sean O’Malley, issued a decree suppressing the Parish effective October 29, 2004. As a result of the suppression decree, the Parish property is not currently part of any designated parish. The suppression decree also informed Parish worshipers that St. Maiy of the Nativity Parish could be used to satisfy their religious needs. Although the Parish property remains under the ownership of the Roman Catholic Archbishop, formal religious services have neither been conducted, nor approved to be conducted, at the Parish property since the Parish was suppressed.[2]
Upon the issuance of the suppression decree, the Roman Catholic Archbishop locked and secured the church. On October 5, 2004, however, former Parish members successfully entered the Parish church in an attempt to save the Parish from closing. Former Parish members formed a non-profit corporation, The Friends of St. Frances Xavier Cabrini, Inc. (“Friends”), which has occupied the church since October 26, 2004.
From its inception in 1960, until Fiscal Year 2006, the Roman Catholic Archbishop had been granted an exemption from paying property taxes on the Parish property. As a result of the suppression decree, Scituate refused to grant the Parish a property tax exemption for Fiscal Years 2006 (July 1, 2005) and 2007 (July 1, 2006). The Roman Catholic Archbishop paid the property taxes owed for Fiscal Years 2006 and 2007.[3]
DISCUSSION
I. Summary Judgment Standard
Summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). The parly moving for summary judgment bears the burden of affirmatively showing that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case, or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 716. Once the moving party “establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact.” Pederson, 404 Mass. at 17. In deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
II. Analysis
General Laws c. 59, §5, cl. 11 (“Clause Eleven”) states “houses of religious worship owned by, or held in trust for the use of, any religious organization,” shall be exempt from taxation “but such exemption shall not, except as herein provided, extend to any portion of any such house of religious worship appropriated for purposes other than religious worship or instruction. The occasional or incidental use of such property by an organization exempt from taxation under the provisions of 26 USC §501(c)(3) of the Federal Internal Revenue Code shall not be deemed to be an appropriation for purposes other than religious worship or instruction.” A house of religious worship maintains the properly tax exemption created by Clause Eleven “notwithstanding temporary interruptions in its use.” Trinity Church v. Boston, 118 Mass. 164, 165 (1875). The property tax exemption, however, depends upon the intended use of the property, and requires there at “least [be] a distinct and fixed intent to use it as such [house of religious worship]; otherwise, it is not a house of religious worship.” Old South Soc’y v. Boston, 127 Mass. 378, 379 (1879).[4]
Viewing the facts in the light most favorable to Scituate, a genuine issue of material fact exists regarding the Roman Catholic Archbishop’s intended future use of the Parish property. According to Scituate’s papers, the Roman Catholic Archbishop has not responded to Scituate’s Request for Production of Documents, Request for Admissions, and Interrogatories concerning the future use of the Parish Property. Aff. *127 of Jason R. Talerman, Ex. A, pg. 3; Ex. B, pgs. 3-4; and Ex. C, pg.3.[5]
The Roman Catholic Archbishop’s contention that this interpretation of Clause Eleven would require governmental intrusion into internal church affairs must fail. The objective factor determining whether the Parish property qualifies for the property tax exemption allowed under Clause Eleven is whether the Roman Catholic Archbishop intends to sell the Parish property. This inquiry does not require the court to delve into the internal affairs of the Roman Catholic Archbishop. See Old South Soc’y, 127 Mass. at 379.
ORDER
For the foregoing reasons and based upon the present record, the Roman Catholic Archbishop of Boston’s Motion for Summaiy Judgment is DENIED.

The Friends of St. Frances Xavier Cabrini, Inc., have requested that the Roman Catholic Archbishop conduct Mass and other religious activities at the Parish. Those requests have been denied. See Aff. of Jonathan Rogers par. 9(a)-(l).

In a decision dated June 30, 2008, this court (Macdonald, J.) dismissed the Roman Catholic Archbishop’s complaint to the extent it involved property taxes paid for Fiscal Year 2006 [24 Mass. L. Rptr. 234]. Therefore, the Roman Catholic Archbishop’s complaint involves only the property taxes paid for Fiscal Year 2007.

The meeting-house in Old South Society had not been used as a place of religious worship, and had been leased to the United States government for use as a post-office for approximately two and a half years before Boston assessed a property tax upon the property. Approximately one and a half years before the property tax was assessed, Old South Society sought to sell the meeting-house. Although the facts of the two cases are distinguishable, the law from Old South Society controls, and requires that the intended future use of the religious property be determinative.

The Roman Catholic Archbishop’s response to this discovery will likely resolve the “intended future use” issue and a Motion to Compel by Scituate appears warranted.